# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY GARITY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:11-cv-1805-RCJ-CWH |
| ) | |
| ) | **ORDER** |
| USPS PMG PATRICK DONAHOE, ) | |
| Defendant. ) | |
| _____ ) | |

This case involves claims of discrimination and retaliation against Plaintiff Rosemary Garity's employer, Patrick Donahoe, the Postmaster General of the United States Postal Service. The defendant has filed a Motion to Dismiss (#20) the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the defendant's Motion to Dismiss is granted and the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff Rosemary Garity (who is appearing pro se) was a United States Postal Service employee at the Pahrump, Nevada Post Office for approximately ten years. (Am. Compl. (#12) at 5). She commenced this action by filing a Complaint on November 9, 2011 against Patrick Donahoe, the Postmaster General of the United States Post Office ("USPS"). (Compl. (#1)). This original Complaint contained nine causes of action, alleging various forms of discrimination and retaliation on the part of USPS along with claims of conspiracy and negligent supervision and training. (*Id.* at 1-2). USPS filed a Motion to Dismiss for failure to state a claim on January 18, 2012, arguing that the Complaint failed to comply with Fed. R. Civ. P. 8 and that the Court lacked subject matter jurisdiction over the claims. (Mot. to Dismiss

(#7) at 4).

Garity responded to USPS's Motion to Dismiss by filing an Amended Complaint on February 6, 2012, which she had the right to do under Fed. R. Civ. P. 15(a). (Am. Compl. (#12)). The Amended Complaint asserts six causes of action, for discrimination based on disability and race, retaliation, and hostile work environment. (*Id.* at 5-26). The relief sought on these causes of action include compensatory damages in excess of $300,000 per count alleged, punitive damages, and front and back pay. (*Id.* at 26-27).

USPS filed a Motion to Dismiss the Amended Complaint on March 8, 2012, claiming that the Amended Complaint fails to comply with Fed. R. Civ. P. 8 because it is unintelligible and that it should also be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. (Mot. to Dismiss (#20)). A hearing was held on the Motion to Dismiss on April 19, 2012.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although no specific form is required for a pleading, each allegation much be simple, concise and direct. Fed. R. Civ. P. 8(d)(1). The purpose for the requirements listed in Fed. R. Civ. P. 8 is to provide the defendants with "fair notice of what the claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). If the complaint does not meet the requirements of Rule 8, the complaint is vulnerable to attack under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Although detailed factual allegations are not required to satisfy Rule 8 and avoid a Rule 12(b)(6) motion to dismiss, the factual allegations must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Finally, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). When a plaintiff is self-represented, the court must construe the pleadings liberally and "must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

**DISCUSSION**

USPS has argued in its Motion to Dismiss that the Amended Complaint should be dismissed because it fails to comply with Rule 8. It claims that the Amended Complaint is completely unintelligible and does not provide fair notice of what the claims are and the grounds upon which each claim is based.

Although the pleadings of pro se plaintiffs are held to a less stringent standard, the Amended Complaint in this matter is so incomprehensible that it must be dismissed for failure to comply with the pleading standards of Rule 8. Garity admitted at the hearing held on the Motion to Dismiss that the Amended Complaint could be cleaned up and crafted in a more

intelligible manner. The Amended Complaint often fails to use complete sentences, which renders the pleading nearly impossible to understand. It additionally includes long laundry lists of dates and events for support under each of the causes of action, but many of these events have no bearing on the claim being asserted and the timeline she has constructed is confusing. Some of the allegations made in the Amended Complaint are also redundant while others are contradictory. Because the Amended Complaint is so verbose and confused that its true substance, if any, is difficult to discern, the Amended Complaint fails to Comply with Rule 8.

The Amended Complaint also must be dismissed because it fails to comply with the pleading standard established by the Supreme Court in *Twombly/Iqbal*. The Amended Complaint lists numerous claims of discrimination and retaliation, but fails to allege sufficient facts that would lead the Court to reasonably infer that any of these claims are in fact plausible. For instance, Garity alleges in the Amended Complaint that she was discriminated against based on her race. Yet in support of this claim she has only pled that one employee was given preferential treatment and asks the Court to infer that the reason this employee was given such treatment was because of her race. Garity has not pled any facts that would suggest any causal connection between the employee's race and the preferential treatment received. All she does is note a correlation, and invites the Court to conclude that discrimination is the cause. However, the Supreme Court has stated that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Because the facts, as alleged, only show that the conduct was consistent with liability without suggesting that USPS's actions were taken for the reasons alleged by Garity, this claim is simply not plausible.

Similarly, in her claims for discrimination based on disability and for retaliation, Garity has only shown that she was disabled and engaged in a protected activity without showing that any adverse employment action taken against her was due to her disability or the protected activity. The Amended Complaint lists numerous actions taken against Garity yet does not

4

allege any facts that would suggest a causal connection between her disability or her decision to engage in a protected activity and the actions taken against her. Again, the Amended Complaint shows conduct consistent with liability, but does not allege facts which would link the harm suffered to the causes proposed by Garity.

Finally, Garity's causes of action for hostile work environment also fail to adequately state claims under *Twombly/Iqbal* because no facts have been pled that suggest that the racial and sexual environment she was forced to endure was sufficiently severe or pervasive to alter the conditions of her employment. *See Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003). Although she has pled inappropriate comments were made against women—only one of which is objectively offensive—the Supreme Court has cautioned that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). The facts, as alleged, simply do not plausibly show that she was discriminated based on race, disability, or gender, and suffered a hostile work environment due to this discrimination. As no facts have been pled supporting Garity's claim that she was forced to endure a pervasively hostile work environment, Garity has failed to plausibly state a claim for this cause of action.

The Court however understands that Garity is proceeding pro se and has no legal background or training, and therefore grants her leave to file a Second Amended Complaint. The Second Amended Complaint need not detail every harm suffered by Garity while employed at USPS, but should at least plead all the required elements of the cause of action along with enough factual content that would allow the Court to draw the reasonable inference that USPS is liable on the claim. *Iqbal*, 556 U.S. at 678. It is not enough to allege facts are "merely consistent with" liability. *Id.* Facts must be alleged that would allow the Court to infer a causal connection between the harm suffered and the alleged misconduct. Additionally, the Second Amended Complaint must be plain and concise. The claims and allegations should not be redundant nor should they be contradictory. Complete sentences should also be used

///

and facts that do not support an inference that USPS is liable on the claim should not be included under that claim.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that USPS's Motion to Dismiss (#20) is granted and the Amended Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that Garity has twenty (20) days from the issuance of this order to file a Second Amended Complaint that complies with Federal Rule of Civil Procedure 8 and the requirements of *Twombly/Iqbal*.

DATED: This 22nd day of May, 2012.

_____
United States District Judge