UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEMARY GARITY,<br><br>    Plaintiff,<br><br> v.<br><br>USPS PMG PATRICK DONAHOE,<br><br>    Defendant. | Case No. 2:11-cv-01805-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 31) |

**I. SUMMARY**

Before the Court is Defendant United States Postal Service Postmaster General Patrick Donahoe's Motion to Dismiss. (Dkt. no. 31.) For the reasons discussed below, the Motion is granted in part and denied in part.

**II. BACKGROUND**

Plaintiff Rosemary Garity (who is appearing pro se) was a United States Postal Service employee at the Pahrump, Nevada, Post Office for approximately ten years. She commenced this action by filing a Complaint on November 9, 2011, against Patrick Donahoe, the Postmaster General of the United States Post Office ("USPS"). Her original Complaint contained nine causes of action, alleging various forms of discrimination and retaliation on the part of USPS along with claims of conspiracy and negligent supervision and training. USPS filed a Motion to Dismiss for failure to state a claim on January 18, 2012, arguing that the Complaint failed to comply with Fed. R. Civ. P. 8 and that the Court lacked subject matter jurisdiction over the claims.

Garity responded to USPS's Motion to Dismiss by filing an Amended Complaint on February 6, 2012. The Amended Complaint asserted six causes of action, including discrimination based on disability and race, retaliation, and hostile work environment. The relief sought on these causes of action included compensatory damages in excess of $300,000 per count alleged, punitive damages, and front and back pay. USPS filed a Motion to Dismiss the Amended Complaint on March 8, 2012, claiming that the Amended Complaint failed to comply with Fed. R. Civ. P. 8 because it is unintelligible and that it should also be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. A hearing was held on the Motion to Dismiss on April 19, 2012. The Court granted USPS's Motion to Dismiss and dismissed the Amended Complaint with leave to amend. (Dkt. no. 28.)

In response, Garity filed her Second Amended Complaint ("SAC") alleging discrimination on account of her race and disability, as well as Title VII claims for retaliation and hostile work environment. (Dkt. no. 30.) USPS filed the instant Motion, once again seeking dismissal pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

### III.   LEGAL STANDARD

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law

and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## IV. DISCUSSION

### A. Rule 12(b)(6)

USPS first attacks Garity's SAC by arguing that it fails to state claims upon which relief can be granted.

#### 1. Rehabilitation Act Claims (Counts I and II)

Garity complains that USPS failed to provide her reasonable accommodations based on her disability (Count I), and discriminated against her on the basis of her disability (Count II). USPS argues that Garity's Rehabiliation Act claims should be dismissed for failure to demonstrate a causal nexus between her disabilities and USPS's alleged conduct.

The Ninth Circuit has held that the Rehabilitation Act of 1973 provides the exclusive remedy for federal employees claiming discrimination based on disability. *See Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir.1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). "Section 501 of the [Rehabilitation Act] announces a federal government policy to prevent discrimination against the disabled in employment decisions, and expressly encourages federal government employers to employ individuals with disabilities." *Lopez v. Johnson,* 333 F.3d 959, 961 (9th Cir. 2003) (per curiam). "Section 501 provides for two types of claims: (1) non-affirmative action employment discrimination claims based upon 29 U.S.C. § 791(g), and (2) claims based upon the government's failure to reasonably accommodate an employee, as required under 29 U.S.C. § 791(b)." *Wilborn v. Ashcroft,* 222 F.Supp.2d 1192, 1206 (S.D. Cal. 2002).

"To state a claim under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was

denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)).

Garity alleges sufficient facts to support each element of her Rehabilitation Act claims. Garity's accommodation claim meets the plausibility requirement of *Iqbal*. As she had done with her Amended Complaint, she alleges in her SAC that she is disabled within the meaning of the ADA, and that she is a qualified individual who can and did perform the essential functions of the employment position that she held with or without reasonable accommodation except for one duty. She alleges that between September 13, 2010, and December 2011, she regularly requested accommodations due to her mental and physical impairments and that "most all accommodation requests were ignored and/or denied." (Dkt. no. 30 at 4:23-24.) Garity alleges specific facts demonstrating her employer's failure to provide reasonable accommodations, most prominently requests to change her schedule to accommodate fatigue, anxiety, and sleep disturbance. USPS erroneously argues that a causal nexus is required to state a failure to accommodate claim. When a plaintiff alleges a failure to accommodate, the burden is on the plaintiff to prove that she is a qualified individual with a disability, and that "with or without reasonable accommodation," she could perform the essential functions of his job. *Buckingham v. United States,* 998 F.2d 735, 739-740 (9th Cir. 1993). If accommodation of the disability is required to enable the plaintiff to perform the essential functions of her job, the plaintiff must provide evidence sufficient to make at least a facial showing that a reasonable accommodation is possible. *Id.* at 740. Here, Garity alleges a disability, and contends that an accommodation is possible in order for her to perform her job. As a result, she has stated a plausible claim under the Rehabilitation Act for failure to accommodate.

Garity's disparate treatment claim also satisfies *Iqbal's* plausibility requirements. In support of this claim, Garity alleges that she was discriminated against based on her

4

disability as well as her being "regarded" as disabled. Further, she alleges that she was removed from her duties after a psychological examination, and was accused by colleagues of being mentally unstable. Allegations concerning her removal and her colleague's accusations of mental instability suffice to create a causal nexus between USPS's conduct and Garity's disability and perceived disability, thereby stating a plausible claim of relief for discrimination under the Rehabilitation Act.

USPS erroneously argues that Garity's Rehabilitation Act allegations are conclusory and lack factual support. If anything, Garity's consistent failure throughout the course of this litigation is that she has alleged *too many* facts. Garity buttresses her allegations concerning discriminatory treatment with specific allegations concerning her USPS's discriminatory conduct in the face of her mental disabilities, and USPS's unwillingness to provide accommodations for her various disabilities.

### 2. Title VII Claims

In addition to Rehabilitation Act claims, Garity alleges that USPS discriminated against her on the basis of race and disability in violation of Title VII of the Civil Rights Act, retaliated against her for protected activity, and created a hostile work environment during her employment.

#### a. Title VII Reverse Racial Discrimination Claim (Count I)

In order to allege a *prima facie* discrimination claim, a plaintiff must demonstrate that (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to plaintiff's own were treated more favorably. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003).

Garity alleges that, as a white woman of Irish descent, she was racially discriminated against by USPS, who favored Latino employees over non-Latino employees. She alleges that her supervisor, Elias Armendariz, is of Latino decent, and presumably caused much of the discriminatory treatment. She alleges favorable treatment toward one Latino colleague, Maria Albertini, in the form of preferential duties,

additional work hours, overtime opportunities, and the ability to use a mobile phone at the workplace.  She further alleges that she was demoted beginning in 2011 while the Latino employee was given additional opportunities.  In sum, Garity alleges that she belongs to a protected racial class, she was performing according to expectations, she was demoted and not provided the privileges offered to others, and that others enjoyed various perks and opportunities that were foreclosed from her.  However, Garity does not allege that Albertini is similarly situated to her.  There is no indication in the SAC of Albertini's position or ranking within the workplace.  Without that fundamental allegation, Garity's Title VII disparate treatment claim cannot proceed.

### 3. Title VII Retaliation Claim (Count II)

A prima facie case of retaliation under Title VII requires proof of the following elements: (1) plaintiff engaged in activity protected under Title VII; (2) plaintiff suffered adverse employment action; and (3) a causal link exists between the two events. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994).

Although at times confusing and employing undefined workplace terminology, Garity alleges actions taken by USPS in retaliation for her protected activity.  Garity alleges that her employers were aware of her previous discrimination grievances.  She further alleges, among other adverse actions, that advanced sick leave was denied for her cancer surgery, and that her schedule was unlawfully altered.  Garity further alleges that her schedule was reduced to such a degree that it resulted in her constructive discharge.  She further alleges that she was suspended for 30 days, fired, and ultimately reinstated in her position.  Lastly, Garity further alleges that her union representatives told other members to be alert for instances of retaliation.  At the bare minimum, Garity has sufficiently pled enough facts to make plausible a claim for retaliation.

### 4. Title VII Hostile Work Environment Claim (Count III)

In order to demonstrate a hostile work environment claim, a plaintiff must show that (1) she was subjected to verbal or physical conduct of a harassing nature that was based on a protected characteristic, (2) that the conduct was unwelcome, and (3) that

the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *See Vasquez*, 349 F.3d at 642.

Garity has alleged sufficient facts to make out a hostile work environment claim. She alleges, among other incidents, that coworkers harassed and intimidated her, spoke about her behind her back, bullied her, and concocted stories about her intention to "shoot up" her workplace. She alleges that she was regarded as being mentally unstable, and that "[twenty three coworkers and supervisors" falsely stated that she was "mentally unstable." (Dkt. no. 30 at 6:1-2.) Read fairly, these incidents of severe harassment relate directly to her disabilities and, as a result, state a claim for a hostile work environment.

**B.   Rule 8**

Finally, USPS complains that Garity's SAC is voluminous, confusing, and rambling, and argues that it should accordingly be dismissed for failure to adhere to Fed. R. Civ. P. 8. Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."

"The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). These requirements do not depend on whether the complaint is without merit, as Rule 8's command "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To be sure, the SAC contains confusing, run-on sentences, and sometimes includes unidentified names and professional jargon without definition, but it does not approach the level of prolixity and length to violate Rule 8. While Garity has attached a lengthy compendium of exhibits to her SAC, the SAC itself is a brief 13 pages long. Merely because Garity writes inartfully and is not a trained lawyer does not mean the courthouse doors are closed to her grievances. Courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally

and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  Of course, Garity must ensure that future filings are concise, provide adequate definitions and identifications, and refrain from unnecessary detail. But her failure to do so at the pleading stage does not withdraw from the Court's cognizance what are sufficiently pled facts that state plausible claims for relief.  As the merits of Garity's claims are not at issue here, the Court declines USPS's invitation to prevent Garity from presenting them.

## V. CONCLUSION

USPS's Motion is denied except as to Garity's Title VII disparate treatment claim. This claim is dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that Defendant USPS's Motion to Dismiss (dkt. no. 31) is GRANTED in part and DENIED in part.

DATED THIS 25th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE