UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY GARITY, ) | |
|       Plaintiff, ) | Case No.  2:11-cv-01805-MMD-CWH |
| vs. ) | **ORDER** |
| USPS PMG PATRICK DONAHOE, ) | |
|       Defendant. ) | |

      This matter is before the Court on Plaintiff Rosemary Garity's Motion to Strike (#46), filed on March 28, 2013, and Plaintiff Rosemary Garity's Motion to Strike (#48), filed on April 18, 2013.  The Court also considered Defendant Patrick Donahoe's, Postmaster General of the United States Postal Service, Response (#50), filed on April 29, 2013, and Plaintiff Rosemary Garity's Reply (#52), filed on May 15, 2013.  This matter is also before the Court on Plaintiff Rosemary Garity's Motion to Admit Prior Depositions (#78), Motion to Take Additional Depositions (#79), and Motion for Leave to File Depositions (#80), all filed on August 23, 2013.

**BACKGROUND**

      On November 9, 2011, Plaintiff Rosemary Garity ("Plaintiff") filed this action against Defendant Patrick Dohahoe, Postmaster General of the United States Postal Service ("Defendant"), alleging nine causes of action related to her employment.  *See* Complaint #1.  Plaintiff filed an Amended Complaint (#12) on February 6, 2012, which was dismissed without prejudice on May 22, 2012. *See* Order #28.  Plaintiff filed a Second Amended Complaint (#30) on June 11, 2012, which was dismissed in part on January 25, 2013.  *See* Order #36.  Finally, Plaintiff filed a corrected Second Amended Complaint (#43) on February 28, 2013.  Defendant filed an Answer (#45) to the corrected Second Amended Complaint on March 21, 2013.  On April 18, 2013, Plaintiff filed her first Motion to Strike (#46) alleging that the affirmative defenses in Answer #45

1  do not comply with the pleading standards of Federal Rule of Civil Procedure 8.  On April 11,
2  2013, Defendant filed an Amended Answer (#47) to the corrected Second Amended Complaint.
3  Plaintiff then filed her second Motion to Strike (#48) alleging that the affirmative defenses in the
4  Amended Answer #47 do not comply with the pleading standards of Federal Rule of Civil
5  Procedure 8.  In response, Defendant contends that the *Twombly/Iqbal* pleading standard does not
6  apply to affirmative defenses and Plaintiff failed to demonstrate prejudice.

## DISCUSSION

### I.  Motions to Strike (#46 and #48)

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The Ninth Circuit has noted that the "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010) (citation omitted).  However, Rule 12(f) motion to strike are generally regarded by federal courts with disfavor.  *See Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D. Cal.1996) ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.")

Plaintiff argues that the affirmative defenses in Defendant's Answer are subject to being stricken by this Rule for insufficiency.  She contends that the pleading standard in Federal Rule of Civil Procedure 8 applies to affirmative defenses.  In contrast, Defendant contends that the District of Nevada has consistently refused to strike affirmative defenses at the outset of a case and Plaintiff has failed to cite persuasive authority to support her argument that the affirmative defenses are insufficiently plead.

The Court notes that Plaintiff's first Motion to Strike (#46) addressed Defendant's Answer (#45), which was amended on April 11, 2013.  Moreover, Plaintiff filed a second Motion to Strike

(#48) addressing the Amended Answer (#47). As a result, the Court finds that Plaintiff's first Motion to Strike (#46) is moot and will proceed with an analysis of the second Motion to Strike (#48) only.

### A. Pleading Standard

Rule 8(c)(1) provides that "a party must affirmatively state any avoidance or affirmative defense." An affirmative defense as defined by Rule 8(c) is one that does not negate the elements of a plaintiff's claim, but rather, precludes liability even if all elements of the claim are met. *See DC Labs, Inc. v. Celebrity Signatures Intern, Inc.*, 2013 WL 4026366 (S.D. Cal Aug. 6, 2013). An affirmative defense may be stricken if it is factually or legally insufficient. An affirmative defense is legally insufficient "if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint." *FTC v. Johnson*, 2011 WL 2112258 at *2 (D. Nev. May 26, 2011) (citation omitted).

The District of Nevada has recognized there are differences between the respective pleading standards of claims and defenses under Rule 8. For example, in *Ferring B.V. v. Watson Laboratories, Inc.-(FL), et al.*, 2012 WL 607539 *3 (D. Nev. Aug. 3, 2012), the Court explicitly declined to apply the more stringent *Iqbal* standards to a Rule 12(f) motion, reasoning that under Rule 8(c), "an affirmative defense need only provide fair notice of the issue." Similarly, district courts in California have also concluded that the more lenient fair notice standard applies to affirmative defenses rather than the plausibility pleading standard of *Twombly* and *Iqbal*. *See, e.g., DC Labs, Inc.*, 2013 WL 4026366 at *4-5; *Roe v. City of San Diego*, 2013 WL 811796 (S.D. Cal. Mar. 8, 2013); *Kohler v. Staples the Office Superstore, LLC*, 2013 WL 544058 (S.D. Cal. Feb. 12, 2013). Prior to *Twombly* and *Iqbal*, the Ninth Circuit noted that "the key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). However, the Ninth Circuit has not definitively ruled on whether *Twombly* and *Iqbal* apply to affirmative defenses contained in an answer. Nevertheless, the Ninth Circuit has indicated it does not approve of using Rule 12(f) to allow litigants to dismiss some of a pleading because a Rule 12(b)(6) motion already provides that tool. *See Whittlestone, Inc.*, 618

F.3d at 973.

### B. Striking Defendant's Affirmative Defenses

Overall, the Court finds that Plaintiff has not provided sufficient points and authority to support her motion to strike Defendant's affirmative defenses at this time. First, Plaintiff contends that she has met her burden by merely notifying the Court that she believes the affirmative defenses are insufficiently pled. In contrast, Defendant contends that Plaintiff has not met her burden of demonstrating actual prejudice. The Court agrees that Plaintiff has not provided sufficient information demonstrating that she will incur significant prejudice. Plaintiff makes a general claim that she will incur additional costs in protracted depositions defendant against claims without the necessary specificity. It is unclear what additional costs would be incurred and why the depositions would be protracted.

Second, Plaintiff argues that she was not provided notice of how the affirmative defenses relate to the claims. In response, Defendant contends that Ninth Circuit precedent fails to support such a demand. Although Plaintiff appears to be making a general argument that two standards should not exist for pleading claims and defenses, she has failed to cite controlling or persuasive authority to support its application in this case. As discussed above, the law is unsettled as to whether the plausibility standard extends to affirmative defenses and the Court declines to contravene persuasive authority in this District that requires fair notice. Additionally, Plaintiff appears to attack all of Defendant's defenses for insufficiency, some of which are more appropriately labeled negative defenses rather than affirmative defenses. *See,e .g.,* 5 C. Wright and A. Miller, Federal Practice and Procedure § 1270, at 289 (1969); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (holding a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" unlike those outlined in Rule 8(c)). Therefore, some of the defenses plead, such as failure to state a claim for relief, are not affirmative defenses subject to the fair notice pleading requirement. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (general denial of allegations is insufficient to preserve an affirmative defense); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012) (declining to strike negative defense). The Court fails to see the utility in striking a negative defense at this

point, despite it being mislabeled as an affirmative defense, without proof that it is legally insufficient.

Third, Plaintiff contends that the drastic remedy of striking affirmative defense is warranted at this point. Defendant alleges that such a remedy is premature given that the discovery period has not closed. The Court is not convinced that the affirmative defenses cited in Defendant's Answer #47 are insufficient in that Defendant cannot prove a set of facts in support of them that would defeat the Complaint. Although Plaintiff alleges that some were already the subject of motions to dismiss, that alone, is not sufficient to warrant striking them from the Answer. Moreover, Plaintiff is aware that Defendant has the ability to add affirmative defenses over the course of discovery and the parties met and conferred regarding the role discovery plays in determining the merits of affirmative defenses. The Court is not persuaded that under no set of circumstances could the affirmative defenses at issue succeed. However, Plaintiff may learn more information during the course of discovery or may have learned more information subsequent to this second Motion to Strike (#48) being filed in April 2013. As a result, the Court will deny the Motion to Strike (#48) without prejudice.

## II.     Motions Related to Depositions (#78, #79, and #80)

Plaintiff requests that prior deposition testimony of twenty-five individuals be found admissible under Federal Rule of Civil Procedure 27. She contends that the USPS was notified of and represented at the depositions and they contain testimony relevant to the issues in this action. The Court finds that Plaintiff's Motion to Admit Prior Depositions (#78) is premature and unsupported. It appears to request an admissibility finding related to the use of depositions at trial and in a summary judgment motion. Such an issue will be decided at the time of those events. Moreover, Plaintiff fails to provide the Court with appropriate points and authority for why the requested relief should be granted. It is unclear whether the depositions were taken as part of a prior lawsuit or whether the actions involved sufficiently similar issues. Additionally, Plaintiff fails to provide certified copies of the depositions she requests be admitted, but rather, provides examples of what they contain and page citations without attaching the depositions. Accordingly, the Court is unable to determine whether the relief requested is warranted. The decision whether to

admit a deposition from a prior lawsuit is vested in the district court's sound discretion. *Hub v. Sun Valley Co.*, 682 F.2d 776, 777 (9th Cir. 1982). Moreover, the Court is bound by Rule 32(a) when deciding to admit deposition testimony from a prior lawsuit. Given that Plaintiff cites to Rule 27 and does not address how Rule 32(a) applies, the Court will deny this Motion without prejudice.

In the alternative, Plaintiff requests that she be allowed to exceed the deposition limit imposed by Federal Rule of Civil Procedure 30 and depose an additional nineteen individuals. Plaintiff fails to provide sufficient information for the Court to determine the necessity of these additional depositions. Specifically, Plaintiff does not connect the information sought from each deponent with how it relates to the discovery of admissible information relevant to the causes of action in this case. Moreover, although Plaintiff alleges that she met with Defendant in a good faith attempt to resolve this dispute, the Court was not provided with any information regarding the substance of that consultation. As a result, the Court is left unable to determine what additional information is needed from these nineteen individuals that is not contained in their depositions and whether all depositions are opposed by Defendant. Therefore, the Court will deny Plaintiff's Motion to Take Additional Depositions (#79) without prejudice.

Finally, Plaintiff requests that deposition testimony be entered into the record pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-8. Local Rule 26-8 specifies that discovery documents, such as deposition testimony, shall not be filed on the docket. Plaintiff has not provided good cause to exempt deposition testimony in this action. Moreover, Plaintiff failed to attach the deposition testimony she seeks to be docketed to the Motion. Additionally, a blanket citation to Rule 26 without any explanation for how it applies is insufficient to satisfy her burden under Local Rule 7-2 to provide points and authorities in support of a motion. Consequently, the Court will deny Plaintiff's Motion for Leave to File Depositions (#80) without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#46) is **found moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#48) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Admit Prior Depositions (#78) is

1   **denied without prejudice**.

2   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Additional Depositions

3   (#79) is **denied without prejudice**.

4   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Depositions (#80)

5   is **denied without prejudice**.

6   DATED this 4th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**