1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6

7    ROSEMARY GARITY,                      )
8                    Plaintiff,            )        Case No.  2:11-cv-01805-MMD-CWH
                                           )
9    vs.                                   )        **ORDER**
                                           )
10   USPS PMG PATRICK DONAHOE,             )
11                   Defendant.            )
     _____ )
12
13           This matter is before the Court on Plaintiff Rosemary Garity's Motion for Disqualification
     of Magistrate Judge Hoffman (#87), filed on September 15, 2013.
14
                                    **BACKGROUND**
15
             On November 9, 2011, Plaintiff Rosemary Garity ("Plaintiff") filed this action against
16
     Defendant Patrick Donahoe, Postmaster General of the United States Postal Service ("Defendant"),
17
     alleging nine causes of action related to her employment. *See* Complaint #1.  On September 5,
18
     2013, the undersigned conducted a hearing and denied Plaintiff's Motion to Compel (#57) and
19
     granted Defendant's Motion for Protective Order (#64) and Motion to Quash (#65).  On September
20
     15, 2013, Plaintiff filed the instant motion requesting that the undersigned disqualify himself.
21
                                     **DISCUSSION**
22
     **A.      Standard**
23
             "A judge is required to disqualify himself if his impartiality might reasonably be
24
     questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco,*
25
     *Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)).  There are two
26
     federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455.  Under either
27
     statute the substantive test for bias or prejudice is identical, but the procedural requirements of the
28
     two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

**B.     28 U.S.C. § 144**

Judicial integrity is imperative.  *Stone v. Powell*, 428 U.S. 465 (1976).  Pursuant to 28

U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and
> sufficient affidavit that the judge before whom the matter is pending has a personal
> bias or prejudice either against him or in favor of any adverse party, such judge shall
> proceed no further therein, but another judge shall be assigned to hear such
> proceeding.

The legal sufficiency of the motion is determined by the judge against whom recusal is sought.

*United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978).  Only after the legal sufficiency of the

affidavit is determined does it become the duty of the judge to "proceed no further" in the case.  *Id*.

(citations omitted).  The affidavit must "state facts and reasons which tend to show personal bias

and prejudice regarding justiciable matter pending and must give support to the charge of a bent of

mind that may prevent or impede impartiality or judgement."  *Hussein v. University and*

*Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted).  The facts

alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice.

*Id*. (citation omitted).

Here, Plaintiff has not submitted the required affidavit of prejudice and, therefore, any

request for recusal under section 144 is improper.  *See United States v. Perry*, 1990 WL 43730 (D.

Nev.) (the affidavit filed pursuant to section 144 must allege specific facts that fairly support the

contention that the judge exhibits bias or prejudice that stems from an extrajudicial source).

**C.     28 U.S.C. § 455**

Section 455, unlike section 144, sets forth no procedural requirements.  It is directed to the

judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself

if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned.  *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).

Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad,

requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be

questioned."  28 U.S.C. § 455(a).  In contrast, subsection (b) is narrower, requiring recusal only

2

1   under specific, identifiable circumstances.  28 U.S.C. § 455(b)(1-5).[1]

2          Under either subsection, recusal is appropriate when "a reasonable person with knowledge

3   of all the facts would conclude that the judge's impartiality might reasonably be questioned."

4   *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted).  The source of any

5   alleged bias must be extrajudicial.  *Liteky v. United States*, 510 U.S. 540 (1988).  Unless the

6   judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment

7   impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for

8   recusal.  *Id*. at 541; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for

9   recusal "in the rarest of circumstances."  *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30

10  F.3d 1144, 1149 (9th Cir. 1994).

11         Although a judge must recuse himself from any proceeding in which any of the above-noted

12  criteria apply, he must not simply recuse out of an abundance of caution when the facts do not

13  warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal is not

14  appropriate.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to

15  recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable

16  factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198,

17  1200–01 (E.D. Cal. 2010).

18         As with Plaintiff's claim under section 144, there is no factual basis to question the

19  undersigned's impartiality in this case and Plaintiff's allegations do not meet the standard for

20  requiring recusal.  Plaintiff's contention that the undersigned's service as Magistrate Judge on two

21  other cases in which she was involved fails to meet the standard for requiring recusal.  However,

22  Plaintiff failed to cite any facts from those prior two cases that provide evidence of bias.  Indeed,

23  the undersigned has no personal knowledge of the disputed evidentiary facts, does not have a

24  family member involved, and did not participate as counsel in either of the cases.  As a result, the

25

26         [1]  These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or
    personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the
27  matter in controversy when in private practice; (3) has served in government employment and in such capacity
    participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he
28  or a family member is a party to the suit.

undersigned has not decided any of Plaintiff's motions based on extrajudicial considerations and has no personal bias or prejudice concerning Plaintiff.

Similarly, Plaintiff's contention that the undersigned has ruled against her in this action and therefore recusal is required is not supported.  Plaintiff contends that almost all of Plaintiff's motions have been denied by the undersigned.  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The undersigned's orders throughout this case have been decided fairly and impartially after a thorough review of all relevant evidence.  Additionally, the undersigned's conduct during hearings has been supported by controlling authority, focused on providing a determination on the merits of the motion, and Plaintiff has been able to file motions for reconsideration or objections.

Additionally, Plaintiff's contention that extreme sanctions have been imposed against a pro se is false.  As a result of Defendant prevailing on its opposition to Plaintiff's Motion to Compel (#57), the court is required to give it an opportunity to request reasonable expenses.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Although Plaintiff contends that the Court sua sponte raised this issue, this is a mischaracterization given that Rule requires the Court to provide Defendant with the opportunity to seek costs, Plaintiff is given the opportunity to respond, and no sanctions have been ordered at this time.  Accordingly, the Court concludes that recusal is not warranted under either section 455(a) or section 455(b).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff Rosemary Garity's Motion for Disqualification of Magistrate Judge Hoffman (#87) is **denied**.

DATED this 16th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4