UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEMARY GARITY,<br><br>                              Plaintiff,<br>v.<br><br>USPS PMG PATRICK DONAHOE,<br><br>                              Defendant. | Case No. 2:11-cv-01805-MMD-PAL<br><br>ORDER<br><br>(Plf's Objections or Motions for District Judge to Reconsider Order<br>– dkt. nos. 85 and 89) |

## I.   SUMMARY

Before the Court are Plaintiff Rosemary Garity's Objections re LR IB 3-1 or Motions for District Judge to Reconsider (dkt. nos. 85 and 89) ("Plaintiff's Objections"). Plaintiff's Objections address Magistrate Judge Carl. W. Hoffman's rulings on pretrial matters raised by Plaintiff and Defendant Postmaster General of the United States Postal Service Patrick Donahoe, as well as Plaintiff's motion to disqualify Judge Hoffman. Judge Hoffman's rulings are not clearly erroneous or contrary to law. The Court further finds that Judge Hoffman properly denied disqualification. Accordingly, Plaintiff's Objections are overruled and denied.

## II.   BACKGROUND

The facts of this case are set out in the Court's January 25, 2013, order. (Dkt. no. 36.) That order dismissed the Title VII disparate treatment claim in Plaintiff's Second Amended Complaint. Plaintiff then filed the Third Amended Complaint (dkt. no. 43) and

Defendant filed an Answer and an Amended Answer (dkt. nos. 46 and 47.) Plaintiff moved to strike the Answer (dkt. no. 46) and the Amended Answer (dkt. no. 48).

After a scheduling order was set, Plaintiff moved to compel discovery ("Motion to Compel"). (Dkt. no. 57.) On July 15, 2013, Plaintiff served Defendant's counsel with a subpoena requiring Defendant to appear for a deposition. In response, Defendant filed a Motion for Protective Order (dkt. no. 64) and a Motion to Quash (dkt. no. 65).

On September 4, 2013, Magistrate Judge Carl. W. Hoffman entered an order dismissing Plaintiff's motion to strike the Answer as moot, and denying Plaintiff's motion to strike the Amended Answer. (Dkt. no. 83.) Judge Hoffman also held a hearing on September 5, 2013, in which he denied Plaintiff's Motion to Compel and granted Defendant's Motion for Protective Order and Motion to Quash. (Dkt. no. 84.) Plaintiff objects to these orders pursuant to LR IB 3-1 and Fed. R. Civ. P. 72. (Dkt. no. 85.) Defendant filed three responses to Plaintiff's Objections (dkt. nos. 112, 128, 130) and Plaintiff filed three replies (dkt. nos. 119, 129, 131) as per the briefing schedule set by the Court (dkt. no. 101).

Plaintiff also filed a Motion to Disqualify Judge Hoffman ("Motion to Disqualify") (dkt. no. 87) that Judge Hoffman denied (dkt. no. 88). Plaintiff objects to this order pursuant to LR IB 3-1 and Fed. R. Civ. P. 72. (Dkt. no. 89.) Defendant filed an opposition (dkt. no. 122) and Plaintiff filed a reply (dkt. no. 125). The Court will now examine Plaintiff's Objections.

III. **LEGAL STANDARD**

LR IB 3-1(a) provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 1-3 states that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determinations of whether to grant motions to strike, motions to compel, motions for protective order, motions to quash and motions for disqualification are not specifically

enumerated as exceptions under 28 U.S.C. § 636(b)(1)(A). Thus, the Court may only reconsider Judge Hoffman's orders if they are clearly erroneous or contrary to law. *See* LR IB 3–1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").[1]

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal.2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

IV. **DISCUSSION**

A. **Motion to Strike**

Fed. R. Civ. P. 12(f) allows a party to move to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . within 21 days after being served with the pleading." A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Although the Ninth Circuit has not ruled on the proper use of a Rule

---

[1] Both parties agree that this is the proper standard of review for all of Plaintiff's Objections. (*See* the "Standard of Review" sections in Defendant's oppositions (dkt. no. 112 at 3; dkt. no. 128 at 3; dkt. no. 130 at 3; dkt. no. 122 at 3); Plaintiff's agreement with the "clearly erroneous or contrary to law" standard in her replies (dkt. no. 119 at 2; dkt. no. 129 at 5; dkt. no. 131 at 5; dkt. no. 125 at 3).)

12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal.2009), rev'd on other grounds in *McArdle v. AT&T Mobility, LLC*, F. App'x 515 (9th Cir. 2012). "A court must view the pleading under attack in the light most favorable to the pleader" and should not weigh the sufficiency of evidence in evaluating a motion to strike. *Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002). Because courts strike affirmative defenses only when clearly warranted by the facts, motions to strike should be denied if "substantial questions of fact appear at the pleading stage." *Shenandoah Life Ins. Co. v. Hawes*, 37 F.R.D. 526, 530 (E.D.N.C. 1965); *see also SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980). Whether to strike affirmative defenses is within the Court's discretion. *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir.1990).

Plaintiff's Objections assert that she "does not have fair notice of what the affirmative defenses are based on and thus at the least they need to be clarified." (Dkt. no. 85 at 17–18.) Plaintiff expands on this objection in her reply, arguing that Defendant's affirmative defenses should thus be held to the pleading standards set out in *Twombly* and *Iqbal*. (*Id.* at 2–3.) Judge Hoffman's order addressed this argument. The order noted that cases in the District of Nevada and Southern District of California have recognized that a "more lenient fair notice standard applies to affirmative defenses rather than the plausibility pleading standard of *Twombly* and *Iqbal*." (Dkt. no. 83 at 3 (citations omitted).) With regard to the District of Nevada, Judge Hoffman cited *Ferring B.V. v. Watson Laboratories, Inc. – (FL)*, 3:11-cv-00481, 2012 WL 607539 (D. Nev. Feb. 24, 2012), which expressly declined to adopt the *Twombly* and *Iqbal* standard in determining whether to strike an affirmative defense. 2012 WL 607539 at *2. Judge Hoffman noted that the Ninth Circuit has not definitively ruled on this issue. (*Id.*) Plaintiff's Motion to Strike was denied without prejudice. (*Id.* at 5.)

In her reply, Plaintiff cites to district court cases that apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses. (Dkt. no. 119 at 2–3.) However, the Court cannot conclude that Judge Hoffman's application of a more lenient fair notice standard was contrary to law. Judge Hoffman explained that the law is unsettled and applied a more lenient standard that was previously applied in the District of Nevada. (Dkt. no. 83 at 4.) The standard applied by Judge Hoffman is not contrary to controlling law.

Plaintiff's objection to Judge Hoffman's order regarding her Motion to Strike is therefore denied.

### B. Motion to Compel

Plaintiff argues that Judge Hoffman's order denying Plaintiff's Motion to Compel is contrary to law. (Dkt. no. 85 at 4.) Plaintiff argues that the evidence requested in her Motion to Compel is relevant. The Court will not "substitute its judgment for that of" Judge Hoffman. *See Grimes*, 951 F.2d at 241. In her reply, Plaintiff acknowledges that she is not asking the Court to substitute its judgment for Judge Hoffman's, but asks the Court to consider whether Judge Hoffman's ruling is contrary to established law. (Dkt. no. 131 at 4.) The Court finds that Judge Hoffman's ruling is not contrary to law.

Federal Rule of Civil Procedure 26(b) allows the discovery of any matter, not privileged, reasonably calculated to lead to admissible evidence. *See Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 526 (D. Nev.1997). Courts have broad discretion in controlling discovery. *Id.* However, the Court should limit discovery if the burden of the proposed discovery outweighs its likely benefit in order to "provide a safeguard for parties [ ... ] in light of the otherwise broad reach of discovery." *Guthrey v. Cal. Dep't. of Corr. & Rehab.*, 1:10-CV-02177, 2012 WL 3249554, at *3 (E.D. Cal. Aug. 7, 2012). "In cases of alleged employment discrimination, plaintiffs are typically limited in discovery to the types of actions alleged, the relevant time period, and the office, unit, or supervisors where and with whom the plaintiffs worked." *See Anoruo v. Shinseki*, 2:12-cv-01190, 2013 WL 3995264, at *1 (D. Nev. Aug. 5, 2013) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)).

Judge Hoffman stated that he reviewed the Motion to Compel and Defendant's response (dkt. no. 110 at 4, lines 7–11). He identified those requests that were overbroad (*id.* at 5, lines 8-10) and provided a specific example (*id.* at 4, lines 23-25; 5, lines 1-6). He identified those requests that could not be fulfilled because Defendant represented that the requested documents don't exist (*id.* at 5, lines 23-25), and those that requested cell phone records not in the possession of Defendant (*id.* at 6, lines 6-11). Judge Hoffman also identified those requests for which the production of documents was sufficient (*id.* at 5, lines 11-19) and those that were not relevant (*id.* at 6, lines 2-5). Plaintiff was given an opportunity to object on the record and raised many of the objections that she raises again in her written objection.

In her written objection, Plaintiff points to case law that states that evidence of an employer's discriminatory attitude is relevant and admissible, including evidence that shows a pattern of discrimination. (Dkt. no. 85 at 16-17.) The Court agrees. However, the cases cited by Plaintiff do not indicate that Judge Hoffman's ruling is contrary to law. Plaintiff is not entitled to overbroad discovery requests that place an unreasonable burden on Defendant. Judge Hoffman addressed this issue directly, stating that instead of requests for information regarding every employee in her office over a large period of time, Plaintiff's requests for comparative evidence needed to be more tailored to Plaintiff's claims. (*Id.* at 25, lines 11-23; 39, lines 14-19; 40, 19-23.). Judge Hoffman informed Plaintiff that she still had time to put in additional requests (*id.* at 26), and could craft subpoenas for some of the comparable evidence she is seeking (*id.* at 35). Judge Hoffman reiterated, with regard to Plaintiff's request for emails, that she needed to focus her requests on particular people in a limited, relevant time period. (*Id.* at 42, lines 2-5). Similarly, with regard to evidence of pay adjusts for certain employees, Judge Hoffman informed Plaintiff that she needs to focus her requests, and Plaintiff agreed to refocus them. (*Id.* at 44.)

A magistrate judge has broad discretionary authority over discovery disputes. *See Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). In reviewing

the record, Plaintiff's Objections and her reply, the Court cannot conclude that Judge Hoffman failed to apply a correct legal standard or failed to apply an element of the applicable standard. Judge Hoffman's ruling is therefore not contrary to law and Plaintiff's objection regarding her Motion to Compel is denied.

Further, the Court has reviewed the record and the September 5, 2013, hearing transcript, and does not find that Judge Hoffman's rulings were clearly erroneous.

### C.   Motion for Protective Order and Motion to Quash

Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. In *San Jose Mercury News, Inc. v. United States District Court – Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir.1999), the court said, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Fed. R. Civ. P. 26(c) authorizes a district court to override this presumption where 'good cause' is shown." Rule 26(c) states that "[u]pon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Plaintiff subpoenaed Defendant for a deposition. Defendant moved for a protective order and moved to quash the subpoena on grounds that Defendant is head of a government agency, the United States Postal Service, and can therefore only be subject to subpoena under exceptional circumstances. Indeed the Ninth Circuit has recognized that "[h]eads of government agencies are not normally subject to deposition[.]" *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Judge Hoffman found that "[t]he case law indicates that heads of government agencies are

normally not subject to subpoena, except under extraordinary circumstances" in order to protect them "from a burden on their public duties and, also, to protect them from unwarranted inquiries about their decision-making process." (Dkt. no. 110 at 47, lines 16–22.) Judge Hoffman found that exceptional circumstances do not exist in this case in part because of the declaration of Marianne Soos, an Administrative Support Specialist for the United States Postal Service, which stated that letters submitted to Defendant get rerouted to human resources, and that Defendant did not personally review or respond to any correspondence from Plaintiff. (*Id.* at 47, lines 23-25; 48, lines 1-13.) Judge Hoffman further stated that Plaintiff can get information about U.S. Postal Service policies from other individuals and can directly consult the policy itself. (*Id.* at 48, lines 15–20.)

Plaintiff argues that Defendant is effectively a CEO of the U.S. Postal Service and should not benefit from the unique protections of being a government head. (Dkt. no. 129 at 6.) Plaintiff does not present any authority to support this argument, nor is the Court aware of any case that supports Plaintiff's position. According to the Postal Reorganization Act of 1971, the U.S. Postal Service is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. While Plaintiff takes the view that the U.S. Postal Service is a self-supporting business, the Court cannot conclude that Judge Hoffman committed clear error or acted contrary to law in finding that the head of the U.S. Postal Service is a government head.

Plaintiff also argues that extraordinary circumstances exist in this case such that Plaintiff should be allowed to depose Defendant. The Court will not substitute its judgment for that of Judge Hoffman but can review his ruling to determine whether a clear error was committed. The Court finds that Judge Hoffman did not commit clear error. Plaintiff argues that she needs to question Defendant about U.S. Postal Service policies because he crafts the policies. (Dkt. no. 129 at 8.) She also argues that Soos' declaration is inaccurate because she could not know whether Defendant received letters marked confidential. (*Id.*) She raised these objections to Judge Hoffman and

Defendant responded that Soos is in the best position to determine whether Defendant read or responded to Plaintiff's correspondence, and that Defendant did not craft the policies himself. (Dkt. no. 110 at 51, lines 21-25; 52, lines 1-21.) Based on those representations and the Court's finding that other people can be questioned about the U.S. Postal Services' policies, the Court is not left with a definite and firm conviction that Judge Hoffman made a mistake in protecting Defendant from burden on his public duties and inquiries into his decision-making process.

Plaintiff also argues that Judge Hoffman's ruling is contrary to law because this Court does not have jurisdiction to quash the subpoena. (Dkt. no. 85 at 3.) Plaintiff argues that the district court in the District of Columbia issued the subpoena and thus must be the one to quash it. Judge Hoffman found that the Court has jurisdiction. (Dkt. no. 110 at 47, lines 5-8.) Plaintiff does not cite any controlling authority to support its position, and there is case law in the District of Nevada that states, under Rule 26(c), the district court in which the action is pending has a responsibility to control discovery, including to quash subpoenas. *See Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2:05-cv-1451, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) ("General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. The court, therefore, concludes that it can and should address the issues raised by [defendant's] request for a protective order, as these issues extend well beyond the matter of a specific subpoena.") Judge Hoffman's finding of jurisdiction was not contrary to law.

D.   **Motion to Disqualify**

There are two deferral statutes that address standards for recusal: 28 U.S.C. §§ 144 and 455. A judge is required to recuse himself if he has a personal bias or prejudice against a party. *Gonzales v. Parks*, 830 F.2d 1033, 1037 (9th Cir. 1987). A motion to disqualify under § 144 requires the party to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased or prejudiced against him. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). If the affidavit is legally insufficient or

unsupported by a factual basis, then the court must deny the motion. *Id.* at 868. In this case, Plaintiff did not submit a § 144 affidavit so Judge Hoffman's order focused on the standards set out in § 455.

28 U.S.C. § 455(a) provides that any United States federal judge should recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned." The judge should also disqualify him or herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for recusal is whether the Judge's impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted). Recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997). The alleged prejudice must normally result from an extra judicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.* It is a rare and extreme situation where a judge should be recused because of adverse rulings the judge made as to a party. *Liteky v. United States*, 510 U.S. 540, 556 (1994). There is an equally compelling obligation not to recuse where recusal is not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

The Court cannot find that Judge Hoffman's impartiality might reasonably be questioned. The most comprehensive list of facts supporting Judge Hoffman's alleged bias appears in Plaintiff's reply in support of her objection. (Dkt. no. 125 at 7.) Plaintiff contends that Judge Hoffman was involved with prior cases also involving Plaintiff but provides no information about those cases. Plaintiff states that Judge Hoffman has "the appearance in the community" of bias and has a history in defending discrimination cases. (*Id.*) But Judge Hoffman affirmed that he "has no personal knowledge of the disputed evidentiary facts, does not have a family member involved, and did not participate as counsel" in previous cases involving Plaintiff. (Dkt. no. 88 at 3.) The other facts allegedly supporting bias involve the adverse rulings at issue in this Order and

many of the issues raised in Plaintiff's Objections. Plaintiff's dissatisfaction with previous rulings is not a sufficient cause for recusal.

Much of Plaintiff's argument regarding bias involves Judge Hoffman's raising the matter of payment of expenses during the September 5, 2013, hearing. Under Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion . . . ." After denying Plaintiff's Motion to Compel, Judge Hoffman raised the matter of payment under Rule 37. (See dkt. no. 110 at 44.) Plaintiff mischaracterizes Judge Hoffman's actions as "granting costs without an opportunity to be heard," "extreme unwarranted sanctions," and "grant[ing] the defendant to apply to the clerk for fees." (Dkt. no. 125 at 7.) Judge Hoffman did not order Plaintiff to pay any expenses, but directed Defendant to file its motion and informed Plaintiff that she would have an opportunity to oppose. (Dkt. no. 110 at 44, lines 13-25; 45, lines 1-3.) Plaintiff raises arguments as to why she should not have to pay Defendant's expenses but that issue is not properly before the Court at this time. Plaintiff's arguments as to payment may be raised if and when Defendant files a motion for costs pursuant to Rule 37.

The Court finds that Judge Hoffman did not commit clear error or act contrary to law in deciding not to recuse under 28 U.S.C. § 455.

### E. Remaining Matters

Plaintiff raises issues in her objections that are not expressly addressed in this Order including spoliation of records, costs and sanctions, and additional depositions and discovery requests. These matters are not properly before the Court at this time.

## V. CONCLUSION

It is therefore ordered that Plaintiff's Objections or Motions for District Judge to Reconsider Order (dkt. nos. 85 and 89) are overruled and denied.

DATED THIS 11th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE