**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROSEMARY GARITY,                          )
                                          )
                    Plaintiff,            )          Case No.  2:11-cv-01805-MMD-CWH
                                          )
vs.                                       )          **ORDER**
                                          )
USPS PMG PATRICK DONAHOE,                 )
                                          )
                    Defendant.            )
_____)

        This matter is before the Court on Defendant United States Postal Service Postmaster
General Patrick Donahoe's ("Defendant") Memorandums in Support of Attorney's Fees and Costs
(#105) and (#106), corrected documents (#108) and (#109), all filed on October 23, 2013
(hereinafter referred to as #108 and #109).  The Court also considered Plaintiff's Responses (#114)
and (#115), both filed on October 30, 2013.  This matter is also before the Court on Plaintiff's
Motion to be Heard (#116), filed on October 30, 2013, Defendant's Response (#124), filed on
November 18, 2013, and Plaintiff's Reply (#126), filed on November 23, 2013.

                                    **BACKGROUND**

        On September 5, 2013, the Court conducted a hearing in which Plaintiff's Motion to
Compel (#57) was denied and Defendant's Motion for Protective Order (#64) and Motion to Quash
(#65) were granted.  *See* Minutes of Proceedings #84.  Pursuant to Federal Rule of Civil Procedure
37, the Court provided Defendant with the opportunity to apply for reasonable expenses by
submitting an application for attorneys fees and costs within 30 days.  On October 23, 2013, after
being granted an extension of time, Defendant filed the instant Memorandums for Attorney's Fees
and Costs (#108) and (#109).  In doing so, Defendant seeks $1,140.26 in attorneys fees in
connection with Defendant's Motion for Protective Order (#64) and Motion to Quash (#65) and
$6,654.12 in attorneys fees in connection with Plaintiff's Motion to Compel (#57).  In opposition,

Case 2:11-cv-01805-RFB-CWH   Document 159   Filed 03/21/14   Page 2 of 14

Plaintiff submits a variety of arguments against an award of fees such as, she should be given an opportunity to be heard, costs should be reviewed for taxation issues, the fees based on an overhead rate are unreasonable, and the time entries at not specific enough. Further, Plaintiff filed a motion requesting that she be able to respond to Defendant's request for attorneys fees and argues against an award because she is a pro se plaintiff. In contrast, Defendant contends that Plaintiff's arguments are based on a misunderstanding of the basis for the fees at issue and controlling law and include citation to irrelevant legal authority.

## DISCUSSION

### A.    Plaintiff's Request for Hearing

Prior to analyzing whether an award of fees is appropriate, the Court will briefly restate the events related to Defendant's requests for fees to clearly establish the correct time line. On September 5, 2013, the Court conducted a hearing in which the undersigned heard arguments on three motions. *See* Minutes of Proceeding #84. After careful consideration, the Court denied Plaintiff's Motion to Compel (#57) and granted Defendant's Motion for Protective Order (#64) and Motion to Quash (#65).[1] At the end of the hearing, in accordance with Rule 37(a), the Court provided Defendant with the opportunity to request reasonable expenses incurred in successfully defending Plaintiff's Motion to Compel (#57) and prevailing on Defendant's Motion for a Protective Order (#64) and Motion to Quash (#65) by submitting an application for fees and costs within 30 days. *Id.* Defendant availed himself of this opportunity by filing the instant Memorandums in Support of Attorney's Fees and Costs (#108) and (#109) on October 23, 2013. In addition, at the end of the September 5, 2013 hearing, the undersigned notified Plaintiff that she would have an opportunity to respond to Defendant's application for fees and costs. *Id.* In fact, Plaintiff took advantage of her opportunity to respond by filing Responses (#114) and (#115) on October 30, 2013. Moreover, Plaintiff filed an additional Motion to be Heard (#116) on October 30, 2013 and Reply (#126) on November 23, 2013 in which she reiterates arguments in her

---

[1] The Court notes that Plaintiff appealed the undersigned's Order #84 denying Plaintiff's Motion to Compel and granting Defendant's Motion for Protective Order and Motion to Quash. The appeal was denied on February 11, 2014. *See* Order #142.

2

1    Responses (#114) and (#115) and raises new arguments.

2        Accordingly, the Court finds that Plaintiff has been given an "opportunity to be heard" with

3    respect to whether fees should be awarded to Defendant and exercised this opportunity with the

4    filing of Responses (#114) and (#115).  Fed. R. Civ. P. 37(a)(5).  To the extent that Plaintiff

5    requests a hearing in her Motion to be Heard (#116), the Court will exercise its discretion to deny

6    that request pursuant to Local Rule 78-2 that states, "All motions may, in the Court's discretion, be

7    considered and decided with or without a hearing."  The Court finds that additional oral argument

8    on this issue is unnecessary.

9        In addition, the Court notes that after filing the Motion to be Heard (#116), Plaintiff

10   subsequently stated that she "was not requesting a Motion hearing," but rather, merely wanted an

11   opportunity to oppose Defendant's request for fees.  Pla.'s Motion #120, 1, lns 24-25.  Plaintiff

12   alleges, numerous times, that the Court granted Defendant fees without providing Plaintiff with an

13   opportunity to respond.[2]  *See, e.g.*, Pla.'s Resp. #114-1, 1, lns 15-16.  The Court provided an

14   extended summary of the relevant events above to demonstrate that this allegation is false.  In

15   addition, Plaintiff's statement that she was denied the opportunity to respond is inconsistent with

16   her filing Responses (#114) and (#115).  Therefore, to the extent that Plaintiff's Motion to be Heard

17   (#116) is not a request for a hearing, but rather, is supplemental briefing to Responses (#114) and

18   (#115), the Court will strike it as an unauthorized sur-reply in violation of Local Rule 7-2.

19       Local Rule 7-2 provides for three briefs: a motion, a response, and a reply; accordingly, a

20   sur-reply is not a filing allowed without court leave and may only be allowed when a party should

21   be given the opportunity to respond to new information presented in a reply brief.  *See Fireman's*

22   *Fun Ins. Co. v. Sloan Valve Co.*, 2012 WL 4962957, *2 (D. Nev. Oct. 16, 2012) (citing *Provenz v.*

23   *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also Padilla v. Nevada*, 2012 WL 380003 (D.

24   Nev. Feb. 6, 2012) (noting sur-replies are not authorized by either the Federal Rules of Civil

25   _____

26       [2] Plaintiff may be confused by the fact that Defendant filed Memorandums rather than Motions.
     However, the semantics of the filing does not materially affect the relief requested nor the fact that the
27   Court performs a review in accordance with Ninth Circuit precedent prior to granting a Rule 37(a)(5) fee
28   award.

Procedure or this Court's Local Rules). Plaintiff filed her Motion to be Heard (#116) on October 30, 2013. Moreover, Plaintiff states that her Motion to be Heard (#116) is not a request for a hearing, but rather an opportunity to state additional arguments against granting Defendant a fee award. *See* Pla.'s Mot Motion #120, 1, lns 24-25. On that same day, October 30, 2013, Plaintiff filed her Responses (#114) and (#115) to Defendant's Memorandums for Fees and Costs (#108) and (#109). Defendant had not yet filed his reply, which was later filed on November 18, 2013 as a consolidated response to Plaintiff's Motion to be Heard (#116) and reply brief to Plaintiff's Responses (#114) and (#115). Therefore, Plaintiff failed to request leave of the Court to file a sur-reply. Further, the Court finds that there are no grounds for a sur-reply as Defendant had not yet filed a reply brief. As a result, the Court will order the Clerk of the Court to strike Plaintiff's Motion to be Heard (#116). Moreover, the Court finds that Defendant's Response (#124) to Plaintiff's Motion to be Heard and Plaintiff's Reply (#126) should also be stricken as unnecessarily supplemental briefing that was filed without seeking leave of the Court. Therefore, with a clear understanding of the time line of events and briefing before the Court, the Court will now analyze whether attorneys fees are warranted.

### B.   Sanctions Pursuant to Rule 37(a)(5)

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court **must**, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added). Similarly, Rule 37(a)(5)(B) states, "If the motion is denied, the court . . . **must**, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." (Emphasis added). Accordingly, the Court is required to provide Defendant with the opportunity to apply for attorneys fees under Rule 37(a).

Here, Defendant has submitted two requests for fees. First, Defendant submitted a request for fees in connection with prevailing on Defendant's Motion for Protective Order (#64) and Motion to Quash (#65). *See* Def.'s Memorandum #108. Federal Rule of Civil Procedure 26 deals

4

1    with protective orders and states that "Rule 37(a)(5) applies to the award of expenses."  Fed. R.

2    Civ. P. 26(c)(3).  Second, Defendant submitted a request for fees in connection with opposing

3    Plaintiff's Motion to Compel (#57).  *See* Def.'s Memorandum #109.  Rule 37(a)(5)(B) applies to

4    this request given that Plaintiff's Motion to Compel (#57) was denied.  Accordingly, the Court will

5    carefully consider Defendant's two requests for fees in accordance with Rule 37(a)'s standard.

6         An award of expenses is not appropriate if: (1) the movant filed the motion before

7    attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing

8    party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances

9    make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i-iii) and 37(a)(5)(B).  The burden

10   is on the losing party to affirmatively demonstrate that its discovery conduct was substantially

11   justified.  *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4).

12   Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable

13   people could differ as to the appropriateness of the contested action.'"  *Devaney v. Continental*

14   *American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S.

15   552, 565 (1988)).

16        The Court notes that Plaintiff cites to several other sources of authority in support of her

17   opposition to a fee award.  First, Plaintiff contends that 42 U.S.C. § 1988 prohibits an award of

18   attorneys fees to Defendant.  However, Section 1988 prohibits a court from awarding attorneys fees

19   at the conclusion of an action brought under Title VII, among other laws, to the prevailing party if

20   that prevailing party is the United States.  Here, the Court is not imposing a final award of attorneys

21   fees at the conclusion of an action brought under Title VII.  Also, the Court notes that Section 1988

22   allows for an award of attorneys fees to a prevailing defendant, along as the defendant is not the

23   United States, if the court finds that plaintiff's action is "frivolous, unreasonable, or without

24   foundation."  *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617 (9th Cir. 1987) (quotation

25   omitted).  The policy goal behind Section 1988's limitation on a final award of attorneys fees to the

26   prevailing defendant is to deter frivolous lawsuits while ensuring access to the courts for plaintiffs

27   with civil rights claims.  The concern over chilling a plaintiff from bringing a lawsuit is not

28   applicable here because the reasonable expenses award under Rule 37(a) is not a final judgment nor

1    it is punitive.  Instead, Rule 37(a) applies to all civil lawsuits regardless of subject matter and is

2    designed to deter meritless discovery disputes.

3           Similarly, Plaintiff argues that Defendant is required to file a motion under Federal Rule of

4    Civil Procedure 54 to obtain attorneys fees and costs.  However, Rule 54(d)(2)(E) provides that the

5    procedure for attorneys fees and costs in Rule 54 does not apply to "sanctions for violating these

6    rules."  Also, Defendant is not requesting any costs.  More importantly, the Court is not imposing a

7    final judgment or award of attorneys fees under Rule 54.  Rather, the Court is issuing a discovery

8    sanction in the form of attorneys fees in accordance with Rule 37(a)(5).  Finally, Plaintiff also

9    generally cites to Rule 37.  However, the Court underscores that Defendant's request for fees is not

10   filed under Rule 37(b) as an alternative or chosen sanction for a violation of a court order.  The

11   Court notes that Rule 37(b) provides seven sanctions that the court may order in the event of a

12   party disobeying a discovery order, in addition to or instead of granting attorneys fees.  Fed. R. Civ.

13   P. 37(b)(2)(A)(i-vii); Fed. R. Civ. P. 37(b)(2)(C).  Further, when imposing a case dispositive

14   sanction pursuant to Rule 37(b), the Court must consider five factors to determine if the sanction is

15   just and the disobedient party's conduct must be due to willfulness, fault, or bad faith to find such

16   sanction appropriate.  *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).  In contrast,

17   Rule 37(a) does not apply to a violation of a discovery order, but rather, it provides for the payment

18   of expenses, such as attorneys fees, for the prevailing party in a discovery dispute - subject to the

19   above-noted exceptions.  Plaintiff cites no authority and the Court knows of no authority that

20   prohibits attorneys fees from being awarded to the United States pursuant to Rule 37(a)(5).  *See In*

21   *re Haney*, 238 B.R. 427 (1999) (noting that rule 37 fees against a pro se debtor were appropriate).

22          After careful consideration, the Court finds that an award of expenses is appropriate

23   because the three exceptions provided by Rule 37(a)(5) do not apply in this situation.  Fed. R. Civ.

24   P. 37(a)(5)(A)(i-iii) and 37(a)(5)(B).

25                    **1.    Meet and Confer**

26          The parties engaged in an extensive meet and confer discussion before filing the three

27   motions at issue.  Plaintiff notes that she engaged in a meet and confer conference prior to filing her

28   Motion to Compel (#57).  *See* Pla.'s Resp. #115, 3, lns 9-10.  Also, Defendant submitted an

1    Affidavit by Justin Pingel that notes approximately 13 hours spent in multiple meet and confer

2    conferences. *See* Defs' Memorandum #108, 3; *see also* Def.'s Memorandum #109, 3.

3    Accordingly, the first ground for finding an award of expenses unwarranted - lack of a meet and

4    confer - does not apply.

5                    **2.      Substantially Justified**

6             The Court finds that Plaintiff failed to carry her burden of demonstrating that her conduct in

7    filing the Motion to Compel (#57) and opposing the Motion for Protective Order (#64) and Motion

8    to Quash (#65) was substantially justified.  During the meet and confer, Plaintiff failed to

9    compromise or rescind any of the discovery requests later submitted in her Motion to Compel

10   (#57).  Ultimately, after careful review of each individual discovery request, the Court sustained

11   Defendant's objections to 50 discovery requests on overly broad, relevance, and no responsive

12   documents grounds.  Additionally, the Court granted Defendant's Motion for Protective Order

13   (#64) and Motion to Quash (#65) based on clear precedent that heads of government agencies are

14   not normally subject to deposition, except in extraordinary circumstances.  *See Kyle Engineering*

15   *Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *see also United States v. Morgan*, 313 U.S. 409,

16   421-22 (1941); *In re United States*, 197 F.3d 310, 313 (8th Cir. 1999).  The Court found no

17   extraordinary circumstances due to the fact that Defendant does not normally review or respond to

18   employee complaints, he has no personal knowledge of the facts of this case, did not personally

19   review any of Plaintiff's correspondence, and Plaintiff has deposed other United States Postal

20   Service employees who have knowledge about polices, regulations, and the facts of this case.

21           This is not a case where a pro se plaintiff engaged in discovery conduct that is arguably

22   reasonable or the discovery was subject to a good faith dispute.  Plaintiff's discovery requests do

23   not present novel or difficult questions of law.  Further, Plaintiff participated in a meet and confer

24   conference that resulted in no good faith effort to resolve the discovery dispute for over 50 issues.

25   Despite the extensive meet and confer, she willfully persisted in seeking all of her discovery

26   requests involved in the Motion to Compel (#57) and prompted Defendant to file the Motion for

27   Protective Order (#64) and Motion to Quash (#65).  Also, the Court notes that Plaintiff filed

28   voluminous briefing in which she cut and pasted legal arguments from various sources, including

1   some unidentified sources, which the Court explained consists of law not applicable to the issues

2   before the Court and not consistent with Ninth Circuit precedent.  In addition, the Court thoroughly

3   discussed the reasons why Defendant's objections were sustained and the requested deposition of

4   Defendant was denied at the September 5, 2013 hearing.  Despite the Court's Order denying

5   Plaintiff's Motion to Compel (#57) and granting Defendant's Motion for Protective Order (#64)

6   and Motion to Quash (#65), Plaintiff makes a false statement in her Affidavit opposing a fee award

7   that "[m]ost all the discovery was found to be relevant."  Pla.'s Resp. #114-1, 1, ¶ 4; Pla.'s Resp.

8   #115-1, 1, ¶ 4.  Accordingly, the Court finds that Plaintiff's conduct in filing the Motion to Compel

9   (#57) and opposing the Motion for Protective Order (#64) and Motion to Quash (#65) was not

10  substantially justified.

11              **3.    Unjust**

12          The Court finds that an award of reasonable expenses pursuant to Rule 37(a) to Defendant

13  is not unjust under the circumstances.  First, Plaintiff has not demonstrated that she is indigent nor

14  has she applied for *in forma pauperis* status.  Moreover, financial indigence by itself does not

15  necessarily make an award of expenses unjust.[3]  *See Croomes v. Stream Global Servs.--AZ, Inc.*,

16  2012 WL 748307, *2 (D. Ariz. Mar. 8, 2012) (citing *Bosworth v. Record Data of Maryland, Inc.*,

17  102 F.R.D. 518, 521 (D. Md. 1984) (there is no per se rule for imposing or not imposing Rule 37

18  sanctions against an indigent plaintiff pro se); *see also Shahata v. W Steak Waikiki, LLC*, 2010 WL

19  5559320, *8 (D. Haw. Nov. 29, 2010) (noting Plaintiff's *in forma pauperis* and pro se status do not

20  prohibit an award of fees).  Also, Plaintiff has engaged in substantial discovery including at least 9

21  depositions without making an issue of her financial condition.  To grant her a complete exclusion

22  from Rule 37(a) without a demonstrated establishment of financial hardship would allow Plaintiff's

23  pro se status to create an unjustified blanket exception.

---

25      [3] In the context of the imposition of a monetary sanction pursuant to Federal Rule of Civil
    Procedure 11, the Ninth Circuit has held that pro se plaintiffs are not automatically exempt from
26  monetary sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting that a contrary
    conclusion would effectively place all unrepresented parties beyond the reach of Rule 11).  Similarly, the
27  Ninth Circuit has held that 28 U.S.C. § 1927 sanctions may be imposed upon a pro se plaintiff.  *See
28  Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

1   Further, Rule 37 sanctions must be applied diligently both "to penalize those whose conduct

2   may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such

3   conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64,

4   (1980) (citation omitted). Plaintiff's request to be exempted from Rule 37(a) sanctions would

5   create a policy of favoring one party in a discovery dispute over another party solely due to the

6   status of legal representation. "Doing so necessarily implicates the court's impartiality and

7   discriminates against opposing parties who do have counsel." *Jacobsen v. Filler*, 790 F.2d 1362,

8   1367 (9th Cir. 1986). The Court does not have authority to create an automatic and blanket

9   exclusion to Rule 37(a) and it would be unjust to do so. *See Valente v. University of Dayton*, 2009

10   WL 2365439 (S.D. Ohio July 27, 2009) (noting that the imposition of Rule 37 sanctions on a pro se

11   is not discriminatory). The court's role is not to be an advocate for the pro se litigant in order to

12   support the pro se's choice to proceed without counsel. *See Barnes v. United States*, 241 F.2d 252

13   (9th Cir.1956) (noting pro se litigant does not have rights that a represented litigant does not have);

14   *see also United States v. Pinkey*, 548 F.2d 305 (10th Cir. 1977) (noting the court is not obligated to

15   assist or guide the pro se litigant). Further, the Court finds that an award of reasonable expenses

16   under Rule 37(a) is designed to encourage the parties to meet and confer and only bring good faith

17   or genuine discovery dispute to the court to resolve. This goal would be circumvented in all pro se

18   cases if the Court created an automatic and blanket exemption that covered a pro se's failure to

19   follow the Federal Rules of Civil Procedure.

20   More importantly, Plaintiff is "expected to abide by the rules of the court in which [she]

21   litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986). This expectation applies equally

22   to Plaintiff and Defendant regardless of their status of representation. Indeed, a litigant's pro se

23   status does not relieve her of obligations to comply with discovery rules. *See Baba v. Japan Travel

24   Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (holding that while pro se litigants are entitled to

25   some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not

26   extend to unexcused failures to comply with routine discovery requests); *see also Patterson v.

27   Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (noting with respect to a Rule 11 sanction that "pro se

28   filings do not serve as an impenetrable shield") (quotation omitted). A pro se should not be

9

allowed to willfully and in bad faith interfere with the court's ability to manage its docket and resolve litigation expeditiously.  The Court notes that this is not Plaintiff's first lawsuit.  This factor has not been weighed heavily in the Court's determination, but it is relevant in establishing that Plaintiff is aware of her obligation to conduct discovery in accordance with the Federal Rules of Civil Procedure.  In fact, Plaintiff has provided an ample demonstration of her ability to research legal questions as evidenced by the numerous filings in this case and length of the Motion to Compel (#57).

Ultimately, the Court finds that it is not unjust to award reasonable expenses to Defendant pursuant to Rule 37(a) under the circumstances.  Plaintiff has not demonstrated a financial hardship, there is no authority that an award of reasonable expenses under Rule 37(a) from being granted against a pro se plaintiff, and Plaintiff has an obligation to comply with the Federal Rules of Civil Procedure in conducting discovery.  However, taking into account all the circumstances of this case, the Court will decline to award the entire amount sought by Defendant as discussed below.  Instead, Plaintiff is admonished that she must become familiar and comply with her discovery obligations under the Federal Rules of Civil Procedure.  Her pro se status does not excuse her from acting in accordance with the applicable discovery rules and will not preclude future sanctions, including monetary or case dispositive sanctions, for violation of the Federal Rules of Civil Procedure, Local Rules, or orders of the court.

### C.   Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other

10

1  employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the

2  fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the

3  amount involved and results obtained, (9) the experience, reputation, and ability of the attorney,

4  (10) the undesirability of the case,[4] (11) the nature and length of the professional relationship with

5  the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70

6  (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424,

7  434 (1983).  In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho*

8  *v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

9  **1.    Reasonable Hourly Rate**

10       The Supreme Court has held that reasonable attorney fees must "be calculated according to

11  the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11

12  (1984).  The relevant community consists of the forum in which the case is pending.  *Camacho,*

13  523 F.3d at 978.  The court may consider rates outside the forum if local counsel was unavailable

14  because they lacked the degree of experience, expertise, or specialization required to properly

15  handle the case.  *Id.* (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Additionally, the

16  court must consider the market rate in effect within two years of the work performed.  *Bell v.*

17  *Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).  The fee applicant has the burden of

18  producing satisfactory evidence that "the requested rates are in line with those prevailing in the

19  community for similar services by lawyers of reasonably comparable skill, experience, and

20  reputation." *Id.*  Such evidence may include affidavits of the fee applicant's attorneys, affidavits of

21  other attorneys regarding prevailing fees in the community, and rate determinations in other cases.

22  *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d

23  403, 407 (9th Cir. 1990)).

24       Defendant seek fees based on an hourly rate of $156.20.  Defense counsel Justin Pingel

25

26       [4] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v.*
27  *Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536,
   1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting
28  *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

1   ("Pingel") submitted an affidavit to demonstrate that this is a reasonable hourly rate. *See* Def.'s

2   Memorandum #108-1; *see also* Def.'s Memorandum #109-1.  Pingel indicates that the budget

3   office of the Executive Office for United States Attorneys ("EOUSA") determines the methodology

4   for computation of United States Department of Justice ("DOJ") attorney's fees.  The standard

5   formula for calculating the hourly attorney fee rate equals the hourly salary rate plus the hourly

6   benefit rate plus the DOJ overhead rate. *Id.*  In response, Plaintiff contends that the overhead rate is

7   not reasonable.  She also alleges that other staff worked on this matter and does not want to be

8   charged at the attorney rate for a paralegal's work. *See* Pla.'s Resp. #114, 2; *see also* Pla.'s Resp.

9   #115, 2-3.

10        The Court finds that Defendant has provided satisfactory evidence that the $156.20 hourly

11   rate is reasonable for this forum.  Plaintiff failed to cite any authority and the Court knows of no

12   Ninth Circuit authority that prohibits the DOJ from using the hourly attorney fee calculation

13   established by the EOUSA.  Further, Pingel submitted an affidavit that he performed the work

14   detailed in his fee request.  Thus, the Court finds Plaintiff's objections that the overhead rate is not

15   justified and a lower rate should be charged for other staff's work to be without merit.  Finally, the

16   Court is well aware of the prevailing rates in the community for similar services performed by

17   attorneys of comparable experience, skill and reputation.  Based on the Court's knowledge of the

18   community's prevailing rates, the hourly rates generally granted by the Court, and the Court's

19   familiarity with Pingel's submissions in this case, the Court finds that the requested hourly rate is in

20   line, if not less, than lawyers of reasonably comparable skill, experience and reputation. *See Easley*

21   *v. U.S. Home Corp.*, 2012 WL 3245526, *3 (finding an hourly rate of $340 to be reasonable in the

22   Las Vegas legal market given defense counsel's ten years of specialized experience in labor and

23   employment law); *see also Ruiz v. All-American & Assocs.*, 2012 WL 10895 (D. Nev. Jan. 3, 2012)

24   (finding an hourly rate of $210 reasonable).

25                **2.      Reasonable Hours Expended**

26        In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees

27   should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*,

28   815 F.2d at 1263.  "Where the documentation of hours is inadequate, the district court may reduce

1    the award accordingly." *Hensley*, 461 U.S. at 433.  "The district court also should exclude from

2    this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34

3    (citation omitted).  "In other words, the court has discretion to 'trim fat' from, or otherwise reduce,

4    the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors,*

5    *Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987

6    F.2d 1392, 1399 (9th Cir. 1992).  In cases where the motion is granted in part and denied in part,

7    the Court may apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).

8        Defendant seeks a fee award for 7.3 hours of work on the Motion for Protective Order (#64)

9    and Motion to Quash (#65) and 42.6 hours on the Motion to Compel (#57) for total of 49.9 hours.

10   Defendant provided an itemization of hours with respect to each motion that includes attendance at

11   the September 5, 2013 hearing, which was held from 9:13 a.m. to 10:26 a.m.

12       In response, Plaintiff articulates several reasons why the time spent is unreasonable.  First,

13   Plaintiff alleges that the fee requests are not "broken down in any way that allows the plaintiff to

14   determine how much actual time was spent on the motion."  Pla.'s Resp. #114, 2, lns 27-28; Pla.'s

15   Resp. #115, 3, lns 3-4.  She contends that no bills or logs of time were entered to verify the time

16   spent.  Second, Plaintiff argues that a maximum of 4 hours should be allowed for Defendant's time

17   on the Motion to Compel (#57) and 3 hours and 10 minutes for the Motion for Protective Order

18   (#64) and Motion to Quash (#65).  *See* Pla.'s Resp. #114, 3, lins 10-11; *see also* Pla.'s Resp. #115,

19   3, lns 8.  Third, Plaintiff asserts that no time should be allowed for the meet and confer.

20       The Court finds that Defendant's Affidavit that itemizes the hours spent by description of

21   task is sufficient documentation.  The Court notes that Plaintiff agrees that at least 7.1 hours should

22   be awarded if a fee award is granted.  Accordingly, the Court will grant Defendant 4 hours for the

23   Motion to Compel (#57) and 3 hours and 10 minutes for the Motion for Protective Order (#64) and

24   Motion to Quash (#65).  Additionally, the Court will grant Defendant's requested 3.1 hours for

25   preparation and attendance at the hearing on September 5, 2013 as it finds the time expended to be

26   reasonable and beneficial to the Court's ability to resolve all the discovery issues at the hearing.

27   Further, the Court finds that it is reasonable to include meet and confer time in the award of

28   expenses.  However, the Court is unable to clearly determine how the 13 hours were divided

                                            13

between 50 plus discovery disputes, apart from the 0.3 hours for the Motion for Protective Order (#64) and Motion to Quash (#65).  Accordingly, the Court will reduce the hours for the meet and confer to 6.3 hours.  However, the Court seeks to encourage the parties to meet and confer thoroughly on any future discovery disputes.  Finally, in the interest of justice and taking into account the circumstances of this case, the Court will deny Defendant's requests for additional fees for research and briefing.  Therefore, Defendant will be awarded a total sum of $2,577.30 for 16.5 hours of work at an hourly rate of $156.20.  As previously noted, Plaintiff is on notice that she is not excused from complying with the Federal Rules of Civil Procedure, Local Rules, and court orders.  The Court cautions Plaintiff that future failure to follow the rules may result in more severe sanctions, including monetary and/or case dispositive sanctions.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant United States Postal Service Postmaster General Patrick Donahoe's Application for Attorney's Fees and Costs (#105), corrected (#108), is **granted with modification to the fee amount**.

**IT IS FURTHER ORDERED** that Defendant United States Postal Service Postmaster General Patrick Donahoe's Application for Attorney's Fees and Costs (#106), corrected (#109), is **granted with modification to the fee amount**.

**IT IS FURTHER ORDERED** that Plaintiff Rosemary Garity shall pay the total sum of $2,577.30 to Defendant United States Postal Service Postmaster General Patrick Donahoe.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's Motion to be Heard (#116) requests a hearing it is **denied**.

**IT IS FURTHER ORDERED** that to the extent that Plaintiff's Motion to be Heard (#116) is a sur-reply, and Defendant's Response (#124) and Plaintiff's Reply (#126) are unauthorized supplemental briefing, they shall be **stricken**.

DATED this 21st day of March, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

14