# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSEMARY GARITY,

    Plaintiff,

vs.

PATRICK DONAHOE,

    Defendant.

Case No. 2:11-cv-01805-MMD-CWH

**ORDER**

  This matter is before the Court on Plaintiff's Motion for Clarification of September 5, 2013 Order (#173), filed on April 22, 2014.

  An extensive background is unnecessary as the parties and the Court are fully aware of the history of this action. On September 5, 2013, the Court conducted a hearing on Plaintiff's Motion to Compel (#57), Defendant's Motion for Protective Order (#64) and Defendant's Motion to Quash (#65). *See* Minutes of Proceedings #84. After careful review of over 50 issues in Plaintiff's Motion to Compel, the Court denied it completely. Plaintiff seeks clarification of 3 issues: (1) payroll records, (2) EEO records, and (3) emails. The Court notes that Plaintiff's Motion for Clarification lists the category of documents rather than the specific number of the request for production of documents that the Court addressed at the Motion to Compel hearing on September 5, 2013. Further, Plaintiff appears to request advise as to subsequent discovery requests that were not presented in the Motion to Compel (#57). Accordingly, the Court will grant in part and deny in part Plaintiff's Motion for Clarification (#173). To the extent Plaintiff requests clarification as to specific requests for production of documents that were decided at the September 5, 2013, the Court will provide clarification below. On the other hand, the Court will decline to issue an advisory opinion on specific requests for production of document not at issue at the September 5, 2013 hearing.

1    First, Plaintiff requests clarification as to whether finding a request for payroll records to be overly broad prohibits Defendant from objecting as to relevance and whether subsequent narrowing of the request is satisfactory. Plaintiff cites Request for Production of Documents No. 23. *See* Pla.'s Mot. #173, 2. However, this appears to be a subsequent request for production of documents that was not before the Court at the September 5, 2013 hearing; Request for Production of Documents No. 23 that was included in Motion to Compel (#57) asked for a copy of all discipline issued to management. Accordingly, Plaintiff appears to request clarification of the Court's ruling on Request for Production No. 2, which ask for all pay adjustments of Pahrump clerks from August 1, 2010 to the present and No. 3 that asks for all employee reports for Pahrump clerks from January 1, 2010 to the present. The parties met and conferred on this issue and Plaintiff indicated that she wanted payroll journals. At the Motion to Compel hearing, the Court sustained Defendant's objection for overly broad on No. 2 and found Defendant's response to No. 3 sufficient. *See* Transcript #110, 5. To the extent Plaintiff requests a ruling on a new Request for Production of Documents or an advisory opinion as to how to craft a request that is not overly broad, the Court will deny that request at this time.

Second, Plaintiff requests clarification as to whether the Court will allow her to subpoena EEO records from the EEO office that currently has the records rather than the EEOC office. She indicates that she would like to subpoena the EEO office that has control of the records she believes to be relevant. It appears as though Plaintiff is requesting clarification of the Court's ruling on Request for Production of Documents Nos. 57, 58, 59, and 60. The Court sustained Defendant's relevance objection as to Nos. 57, 58, and 59, found Defendant's response to No. 60 sufficient, and noted that Plaintiff may obtain discovery independently by issuing a subpoena. *See* Transcript #110, 6 and 31-37. Plaintiff appears to request the Court to advise her as to who she may subpoena. The Court declines to advise Plaintiff as to who she should issue a subpoena to in order to obtain records she believes are necessary for discovery.

Third, Plaintiff requests clarification as to the time limitation with respect to requesting emails. This appears to related to Request for Production of Documents No. 37 that asks for all communications, electronic or written, of all employees relating to Plaintiff, harassment, and

1  hostile work environment at the Pahrump post office.  During the meet and confer, Plaintiff noted
2  that she would like full access to the entire archive of USPS' email system.  The Court sustained
3  Defendant's overly broad objection.  *See* Transcript #110, 5.  It appears as though Plaintiff and
4  Defendant continued to meet and confer as to a reasonable time limitation for this Request.
5  However, the Court stated that it would not tell Plaintiff how to write discovery requests and did
6  not issue a finding as to what would be a reasonable request for emails records.  *Id.* at 42.  The
7  Court declines to clarify issues that it did not decide at the September 5, 2013 hearing.

       Based on the foregoing and good cause appearing therefore,

       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification (#173) is **granted in part and denied in part as explained above**.

       DATED this 29th day of April, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**