# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY GARITY, | ) |
| Plaintiff, | ) Case No. 2:11-cv-01805-RFB-CWH |
| vs. | ) **ORDER** |
| PATRICK DONAHOE, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Stay (#197), filed August 23, 2014. Plaintiff requests that the undersigned stay implementation of order (#159), which granted the Government's motion for attorney fees and costs in the amount of $2,577.30. The award was made pursuant to Federal Rule of Civil Procedure 37(a)(5) as the result of a discovery dispute. Throughout the course of the litigation, Plaintiff has appealed several non-dispositive orders. There are currently six objections pending to orders entered on non-dispositive motions. There is no indication in her moving papers that this request to stay applies to any order other than the Court's order (#159), which is the subject of Plaintiff's objection (#163), and the Court will not construe her request as to apply to other orders that are under appeal absent a motion to do so.

## DISCUSSION

"A stay is an 'intrusion into the ordinary process of administration and judicial relief.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009). "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependant upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted). In exercising its discretion, a court is guided by the following legal principles: (1) has the movant made a strong showing it is likely to succeed

1  on the merits of the appeal, (2) will the movant suffer irreparable injury in the absence of a stay, (3) will
2  other parties be substantially injured by a stay, and (4) where the public interest lies. *Id*. (citing *Nken*,
3  556 U.S. 418, 434 (2009); *see also Trustees of Northern Nevada Operating Engineers Health &*
4  *Welfare v. Mach 4 Construction, LLC*, 2009 WL 1940087 *2 (D. Nev.) (citation omitted) (applying
5  the same factors in addressing a stay pending appeal of a magistrate judge's order under the clearly
6  erroneous standard of Fed. R. Civ. P. 72(a)). "The party requesting a stay bears the burden of showing
7  that the circumstances justify an exercise of [the Court's] discretion." *Bullock*, 697 F.3d at 1203 (citation
8  omitted).

9  Plaintiff seeks a stay of the undersigned's order(#159) pending resolution of her objections. The
10 order awarded the opposing party $2,577.30 in fees and costs incurred as a result of a discovery dispute
11 under Federal Rule 37. It was referred for consideration by the undersigned pursuant to Local Rule IB 1-
12 3, which provides that "[a] magistrate judge may hear and finally determine any pretrial matter not
13 specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The order was a non-dispositive
14 pretrial order, and any objection thereto is not subject to *de novo* review, but is reviewed under the
15 "clearly erroneous" or "contrary to law" standard. The undersigned has reviewed the motion and
16 underlying order. Plaintiff has not made the requisite showing of a strong likelihood of success on the
17 merits, but has simply restated her belief that the award was illegal or contrary to law. Nevertheless, the
18 order does not require Plaintiff to make payment on the fee award by a date certain. The order is not
19 addressed to the merits of the case, but is an ancillary order stemming from a discovery dispute.
20 Defendant will not be prejudiced or injured by a stay of the fee award. A stay of the implementation of
21 the order pending the appeal has no bearing on this case proceeding as scheduled. Consequently, to the
22 extent it is necessary, the Court will grant Plaintiff's request that the order (#159) awarding fees stemming
23 from a discovery dispute under Rule 37 be stayed pending resolution of the objection. Neither the case
24 nor any other non-dispositive pretrial order that is currently under appeal is stayed.[1]

---

[1] The undersigned notes that during the hearing held on August 22, 2014, both Plaintiff and defense counsel were under the belief that the appeals of various non-dispositive orders resulted in an automatic stay of those orders. After being advised that their belief was contrary to the law, the parties were instructed to keep the case moving, particularly Plaintiff's Rule 35 examination. Plaintiff made an oral motion to stay the Rule 35

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#197) is **granted**. The stay is limited to execution of the Court's order (#159). It does not apply to any other order entered in this matter. It does not stay the case.

DATED: August 26, 2014.

                                        **C.W. Hoffman, Jr.**
                                        **United States Magistrate Judge**

---

examination, which was denied. She was encouraged to file any request for stay of an order pending appeal in writing. This motion followed and does not reference the Rule 35 examination. Accordingly, it is the Court's understanding that Plaintiff does not wish to request a stay of the Rule 35 examination at this time.