UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROSEMARY GARITY,                           )
                                           )
                    Plaintiff,             )        Case No.  2:11-cv-01805-RFB-CWH
                                           )
vs.                                        )        **ORDER**
                                           )
USPS PMG PATRICK DONAHOE,                  )
                                           )
                    Defendant.             )
_____   )

This matter is before the Court on Plaintiff Rosemary Garity's Second Motion for Disqualification of Magistrate Judge Hoffman (#200), filed September 2, 2014.  Plaintiff's first motion seeking disqualification was filed approximately a year ago on September 15, 2013.  This second motion restates the same, rejected arguments previously made.  *See* Order (#88).

### DISCUSSION

**A.      Standard**

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)).  There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455.  Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

**B.      28 U.S.C. § 144**

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

1    proceeding.

2    The legal sufficiency of the motion is determined by the judge against whom recusal is sought.

3    *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978).  Only after the legal sufficiency of the

4    affidavit is determined does it become the duty of the judge to "proceed no further" in the case.  *Id*.

5    (citations omitted).  The affidavit must "state facts and reasons which tend to show personal bias

6    and prejudice regarding justiciable matter pending and must give support to the charge of a bent of

7    mind that may prevent or impede impartiality or judgement."  *Hussein v. University and*

8    *Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted).  The facts

9    alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice.

10   *Id*. (citation omitted).

11        Here, Plaintiff has specifically moved under 28 U.S.C. § 455, not section 144.  Even

12   construing the motion as one for disqualification under section 144, it is improper.  Plaintiff has not

13   submitted an affidavit of prejudice.  *See United States v. Perry*, 1990 WL 43730 (D. Nev.) (the

14   affidavit filed pursuant to section 144 must allege specific facts that fairly support the contention

15   that the judge exhibits bias or prejudice that stems from an extrajudicial source).  The general

16   accusation that the undersigned is irreparably biased against Plaintiff due to his prior service in the

17   military or as general counsel for the Clark County School District is not sufficient to demonstrate

18   actual bias or prejudice.

19   **C.    28 U.S.C. § 455**

20        Section 455, unlike section 144, sets forth no procedural requirements.  It is directed to the

21   judge rather than the parties and is self-enforcing on the part of the judge who must recuse himself

22   if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

23   might reasonably be questioned.  *See United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).

24   Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad,

25   requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be

26   questioned."  28 U.S.C. § 455(a).  In contrast, subsection (b) is narrower, requiring recusal only

27

28

under specific, identifiable circumstances.  28 U.S.C. § 455(b)(1-5).[1]

Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008) (quotation omitted).  The source of any alleged bias must be extrajudicial.  *Liteky v. United States*, 510 U.S. 540 (1988).  Unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal.  *Id*. at 541; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994).  Although a judge must recuse himself from any proceeding in which any of the above-noted criteria apply, he must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198, 1200–01 (E.D. Cal. 2010).

There is no factual basis to question the undersigned's impartiality in this case as Plaintiff's allegations do not meet the standard for recusal.  Plaintiff's contention that the undersigned's service as magistrate judge on two other cases in which she was involved is immaterial.  Judges do not have to recuse themselves simply because they have heard prior cases involving the same litigant.  Plaintiff failed to cite any facts from those prior two cases that provide evidence of bias.  The undersigned has no personal knowledge of the disputed evidentiary facts, does not have a family member involved, and did not participate as counsel in either of the cases.  As a result, the undersigned has not decided any of Plaintiff's motions based on extrajudicial considerations and

---

[1]  These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

1    has no personal bias or prejudice concerning Plaintiff.

2         Similarly, Plaintiff's contention that the undersigned has ruled against her in this action and

3    therefore recusal is required is not supported.  The primary thrust of Plaintiff's argument is that she

4    has been treated unfairly because most of her motions have been denied while the Government's

5    have been granted.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or

6    partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The undersigned's orders

7    throughout this case have been decided fairly, impartially, and after a thorough review of all

8    relevant evidence.  Additionally, the undersigned's conduct during hearings has been supported by

9    controlling authority, focused on providing a determination on the merits of the motion.  Lastly,

10   Plaintiff has not been precluded from filing motions for reconsideration or objections to any order

11   entered by the undersigned.

12        Lastly, just as before, Plaintiff's contention that extreme sanctions have been imposed is

13   incorrect.  The current sanctions order entered against Plaintiff stems from Defendant prevailing on

14   its opposition to Plaintiff's motion to compel.  (#159).  Under the applicable rule, the court is

15   required to provide a party who prevails on a discovery motion under Rule 37(a) an opportunity to

16   request reasonable expenses.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Moreover, the order entering

17   sanctions against Plaintiff has been stayed, at Plaintiff's request, and an objection thereto is

18   currently under review.  (#197).

19        At not point during this litigation has Plaintiff been deprived or limited in pursuing her

20   action.  She has been held to the appropriate standard in terms of compliance with the applicable

21   rules.  As this Court has previously stated, Plaintiff is "expected to abide by the rules of the court in

22   which [she] litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).  Her status as a pro se

23   litigant does not obviate or otherwise relieve her of the obligation to comply with applicable rules,

24   including the rules of discovery.  *See Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d

25   Cir. 1997).   Plaintiff must comply with the various rules and procedures governing licensed

26   counsel and the requirements of substantive law.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993);

27   *Jacobsen v. Filler*, 790 F.2d 1362, 1364, 65 (9th Cir. 1986) (holding that pro se parties are not

28   excused from following the rules and orders of the court).  Plaintiff has not met her burden to

4

demonstrate that recusal is appropriate under either section 144 or section 455.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Disqualification (#200) is **denied**.

DATED: September 3, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5