UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY GARITY, | ) |
| Plaintiff, | ) Case No. 2:11-cv-01805-RFB-CWH |
| vs. | ) **ORDER** |
| PATRICK DONAHOE, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Stay (#208); the Government's Response (#208); and Plaintiff's Reply (#212), all filed on September 3, 2014. Plaintiff requests that the undersigned stay the decision requiring Plaintiff to submit to a Rule 35 independent medical examination. The stay was previously denied when requested during oral argument at the motion hearing held on August 22, 2014. *See* Minutes of Proceedings (#196). By way of this motion, Plaintiff renews her request to stay the Rule 35 examination pending resolution of her objections to certain conditions she would like imposed as part of the examinations. *See* (#171) (#202) (#203). The Court has reviewed the briefing and finds that a stay of the Rule 35 examination is not appropriate.

**DISCUSSION**

Although recently set forth in the Court's order (#198), the standard for granting a stay of a non-dispositive order referred to a magistrate judge under 28 U.S.C. § 636 bears repeating. "A stay is an 'intrusion into the ordinary process of administration and judicial relief." *Nken v. Holder*, 556 U.S. 418, 427 (2009). "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependant upon the circumstances of the particular case.'" *Lair v. Bullock*,

697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted).  In exercising its discretion, a court is guided by the following legal principles:  (1) has the movant made a strong showing it is likely to succeed on the merits of the appeal, (2) will the movant suffer irreparable injury in the absence of a stay, (3) will other parties be substantially injured by a stay, and (4) where the public interest lies. *Id*. (citing *Nken*, 556 U.S. 418, 434 (2009); *see also Trustees of Northern Nevada Operating Engineers Health & Welfare v. Mach 4 Construction, LLC*, 2009 WL 1940087 *2 (D. Nev.) (citation omitted) (applying the same factors in addressing a stay pending appeal of a magistrate judge's order under the clearly erroneous standard of Fed. R. Civ. P. 72(a)).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Bullock*, 697 F.3d at 1203 (citation omitted).

Plaintiff seeks a stay of her Rule 35 examination pending resolution of her objections.[1]  The Court's finding that a Rule 35 examination was appropriate stems from the non-dispositive discovery motion submitted by the Government on February 26, 2014. (#148).  The motion was automatically referred to the undersigned pursuant to Local Rule IB 1-3, which provides that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."   The motion did not fall under any of the enumerated exceptions listed within section 636(b)(1)(A).  Written objections to non-dispositive pretrial orders are not subject to *de novo* review, but are considered under the "clearly erroneous" or "contrary to law" standard.  Plaintiff asserts that the circumstances justify the Court exercising its discretion to stay implementation of the subject order.

For the past several months the parties have operated under the erroneous belief that Plaintiff's multiple objections to several non-dispositve pretrial orders result in an automatic stay.

---

[1] It should be noted that an order capturing the findings made during the April 8, 2014, which included that the Plaintiff undergo a Rule 35 examination, has not yet been submitted.  Near the conclusion of the April 8, 2014 hearing, the parties were instructed to submit an order outlining the protocol for the Rule 35 examination.  The proposed order was due on April 18, 2014, approximately five months ago.  Rather than submit an order, the parties improperly self-imposed a stay, which only recently was brought to the undersigned's attention, based on Plaintiff's objections to two aspects of the ordered Rule 35 examination.  On August 22, 2014, Government counsel was again instructed to submit a proposed order on the protocol for the Rule 35 examination.  It was finally filed on September 3, 2014, the same day that this motion to stay was filed.

Presumably, this belief stems from the desire to maintain the 'status quo' while the various appeals are resolved. However, preservation of the status quo is not "among the factors regulating the issuance of a stay." *Golden Gate Resaturant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). *Id*. Analysis of the traditional stay factors contemplates "individualized judgments in each case . . . . the formula cannot be reduced to a set of rigid rules." *Id*. As stated in *Golden Gate*, "[m]aintaining the status quo is not a talisman." *Id*. Certainly an aggrieved party has the opportunity to file and serve timely objections to an order issued by a magistrate judge on a non-dispositive pretrial motion, but such objections do not serve to automatically stay implementation of the order. In *In re Air Crash at Taipei, Taiwain*, 2002 WL 32155477 (C.D. Cal.) the Court stated: "[s]uch an interpretation is more consistent with the Magistrate's Act's goals of facilitating the quick and final resolution of referred pretrial matters. If an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the [magistrate judge's] decision-making ability is eroded. It should be remembered that the magistrate [judge] is empowered to 'determine' pretrial matters. A [magistrate judge's] order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the [magistrate judge's] order to the status of a recommendation where an objection is raised." *See also De Leon v. CIT Group, Inc.*, 2013 WL 950527 (D. Nev) ("The filing of objections to a magistrate judge's order on a non-dispositive matter does not stay the order's operation."); *Oracle American, Inc. v. Google, Inc.*, 2011 WL 3794892 (N.D. Cal.) (same); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989) ("[A]llowing the automatic stay of [magistrate judge's] orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt.").

     As discussed below, the undersigned finds that Plaintiff has not satisfied her burden to demonstrate that the Rule 35 examination should be stayed pending resolution of her written objections.

     **1. Strong Showing that Success is Likely on the Merits**

     As noted in *Lair*, "[t]he first two [] factors are the most critical." 697 F.3d at 1204 (citing

*Nken*, 556 U.S. at 434). There is not a precise specification of the exact degree of likely success that a party requesting a stay must show. *Lair*, 697 F.3d at 1204. It is, however, "not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Id*. (citing *Nken*, 556 U.S. at 434). A "possibility standard would be too lenient." *Nken*, 556 U.S. at 435 (citation omitted). There are several, largely interchangeable, iterations of this standard which "indicate that, at minimum" a petitioner must show that there is a substantial case for relief on the merits." *Lair*, 697 F.3d at 1204 (citation omitted).

   Plaintiff does not have a substantial case for relief on the merits of her appeal. Her appeal is directed toward two minor aspects regarding the protocol for the Rule 35 examination. Indeed, it does not appear she is appealing the order requiring her to submit to a Rule 35 examination. To the extent she is attempting to appeal the finding that she submit to a Rule 35 examination, she does not have a viable argument for relief. During the course of the underlying hearing, the following exchange took place:

  COURT: Well, so you've agreed that a medical exam will occur, is that true?

  MS. GARITY: I agreed to that; yes.

  COURT: Okay. And you agree to the identity of the medical exam doctors, the Dr. Levy and Dr. Hall?

  MS. GARITY: Do I agree to those particular doctors?

  COURT: Yeah.

  MS. GARITY: Yes, I'm okay with that. Yes.

  COURT: Okay. So you agree that they are suitable?

  MS. GARITY: Yes.

  COURT: And you agree that the subject of the IME would be inquiry into your mental -- it would be a mental examination and it would be --

  MS. GARITY: Yes.

  COURT: -- based upon the psychological complaints that you've made in your Complaint?

  MS. GARITY: Right.
  COURT: Okay. And you've made an agreement on the question of taping; you're going to tape-record the medical exam?

  MS. GARITY: Right. We've agreed on that.

  COURT: Okay. And what have you done regarding the presence of a third person?

  MS. GARITY: With the tape recorder, I'm okay with that.

  COURT: Okay. So, you don't need that. And then the timing of the medical exam was going to be over a two-day period, as I understand it. There was going to be, it was going to be a --

  MS. GARITY: And I really wanted that to be one day, so --

  COURT: Right. But you've agreed to two days?

  MS. GARITY: I would say yes, as long as I can get a copy of the penciled test results; yes.

  COURT: Well, but they're not -- one is not contingent on the other. I mean, the --

  MS. GARITY: Well, then I would probably say that one day would be preferable

...

  MS. GARITY: I will agree to the two days.

  COURT: Okay. So we have --

  MS. GARITY: Because you're giving me the stuff ahead of time to fill out and you're going to give me the names of the tests, so it doesn't matter if it takes four hours this day and four hours the next day, or five or six or whatever, I'll go ahead and agree to that.

*See* Transcript of Proceedings (#185) at 3:15-5:5; 9:8-14. Plaintiff expressly agreed that she would attend a Rule 35 examination and to the manner, conditions, and scope of the examination.

  The actual objections raised during the hearing were twofold, and were unrelated to Plaintiff's agreement to attend the examination. First, she requested that she be provided the answer sheets to any psychological tests she took as part of the examination. After ordering that the names of written tests be provided to Plaintiff before her examination, the Court queried as to why Plaintiff believed she needed the answer sheets. She responded that she wanted them because they were done in pencil and she wanted to make sure her answers were not altered in any way. The Government indicated its willingness to try to work out the issue prior to the examination. It was the Court's understanding at the time that the parties would resolve this issue through agreement, which is common in these types of situations. *See* Fed. R. Civ. P. 35(b)(6). To the extent the parties were unable to reach agreement, the Court ordered that the examining doctors would be required to submit affidavits that Plaintiff's answers were not altered.

  Plaintiff's other concern appeared to be the extent of the information she would be provided

after the examination, particularly as it related to the raw data underlying any conclusions reached by the Rule 35 examiners. Rule 35 clearly provides that a party or person examined may request a Rule 35 report. Fed. R. Civ. P. 35(b)(1). "The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report[.]" *Id*. The report "must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2). Plaintiff was specifically apprised of this rule and process. She was informed that her request was premature because the examination had not occurred and the report had not been created. In the event an examining party does not deliver an examiner's report, Rule 35 allows for sanctions, which include precluding the examiner's testimony altogether. Fed. R. Civ. P. 35(b)(5). Thus, the Court declined to rule on a challenge to the information contained within the report until the actual report was delivered. Plaintiff was not then, and is not now, precluded from bringing that motion when and if the issue becomes ripe.

Ultimately, there is no arguable basis to stay the Rule 35 examination. Plaintiff agreed to the examination. The parties absolutely should be able to work out the issue regarding the answer sheets. Even assuming the parties cannot resolve the issue, it would not preclude the agreed upon Rule 35 examination because (1) the issue is only tangentially related to the actual exam and (2) the Court has required an affidavit from the examiners in order to alleviate the unsubstantiated fear that the test results would be falsified. Lastly, any challenge to the content of the Rule 35 report is premature as the examination has not occurred and the report has not been made. Plaintiff is not precluded from challenging the completeness of the report upon receipt. Consequently, the undersigned concludes that, at best, the likelihood of success on the merits of the appeal do not rise above "better than negligible" or a "mere possibility for relief."

**2. Irreparable Injury**

"Whether the [stay] applicant will be irreparably harmed absent a stay[] requires more than some possibility of irreparable injury." *Lair*, 697 F.3d at 1214 (citations omitted). It requires the stay applicant to show "that there is a probability of irreparable injury" in the absence of a stay. *Id*. In analyzing this factor, a court focuses on the "individualized nature of irreparable harm" as opposed to whether the harm is "categorically irreparable." *Id*. There is no possibility of

irreparable injury to Plaintiff absent a stay. Each of the articulated reasons for Plaintiff's obstinance in attending the examination are either not ripe, not relevant, not substantiated by the record, and speculative.

**3. Injury to Government and Public Interest**

The Government would likely be uninjured by a stay. The public interest in prompt resolution of court proceedings would be injured. This case has been pending for over three years, with discovery going on for much of that time period.

**4. Government's Proposed Order for Rule 35 Examination (#206)**

The Court is troubled by the continued inability and unwillingness of the parties to move this case forward. Not only have the parties improperly imposed a stay based on a fundamentally flawed view of the law, they have collectively failed, once again, to comply with the Court's order confer to meet and confer and submit a proposed order on the agree Rule 35 examination. In the context of discovery disputes, the requirement to meet and confer is not satisfied by exchanging emails; nor can a party unilaterally refuse to participate in the meet and confer process. The Court has exercised great patience despite the demonstrated incivility. That patience has reached an end. The parties are ordered to meet and confer not later than September 8, 2014, via telephone or in person, and submit a stipulated order on the agreed Rule 35 examination. The failure of either party to participate in good faith will be treated as a failure to comply with a court and may result in significant sanctions.

## CONCLUSION

Plaintiff has not satisfied the standard for a stay pending appeal of the undersigned's non-dispositive pretrial Order. The Rule 35 examination shall go forward post haste. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#208) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Proposed Order for Rule 35 Examination (#206) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties meet and confer, via telephone or in person, and submit a stipulated order specifying the time, place, manner, conditions, and scope of the Rule 35 examination.

1  DATED: September 5, 2014.

2

3  _____
   **C.W. Hoffman, Jr.**
   **United States Magistrate Judge**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28