# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROSEMARY GARITY,

    Plaintiff,

v.

USPS PMG MEGAN J. BRENNAN,

    Defendant.

Case No. 2:11-cv-01805-RFB-CWH

**OPINION & ORDER**

Plaintiff's Motion for Recusal (ECF No. 403)

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Recusal (ECF No. 403). Plaintiff requests that the Court recuse itself based on 28 U.S.C. §§ 455 & 144. For the reasons stated below, the motion is denied.

## II. DISCUSSION

### a. 28 U.S.C. § 455

The Court rejects Plaintiff's motion pursuant to 28 U.S.C. § 455. Under Section 455, a judge is required to disqualify himself if "his impartiality might reasonably be questioned" or if the case involves any of the specific circumstances enumerated in § 455(b). Here, Plaintiff alleges bias by this Court. Recusal pursuant to Section 455 is required "only if the bias or prejudice is directed against a party <u>and</u> stems from an extrajudicial source." United States v. Sibla, 624 F.2d

864, 869 (9th Cir. 1980)(emphasis added). The only evidence of bias referenced by the Plaintiff involves this Court's rulings and orders in relation to this litigation and what has transpired within it. This is insufficient to establish bias. The mere fact that a court rules against one party more often than the other does not establish that the court is biased against that party. This Court has rendered it orders based upon the law and has not been motivated by any bias for or against any party or participant in this litigation. Furthermore, this case does not fall under any of the circumstances described in § 455(b). Plaintiff has failed to establish bias under 28 U.S.C. § 455.

### b. 28 U.S.C. § 144

Plaintiff's motion also fails pursuant to 28 U.S.C. § 144 for two reasons. First, Plaintiff did not include a certificate of counsel of record stating that her affidavit was made in good faith. The plain language of Section 144 requires this for a motion to be considered. Although Plaintiff is proceeding *pro se*, the Court finds that this requirement still applies. The purpose of this requirement is to prevent litigant abuse of the automatic review process required by Section 144. Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970 ("The requirement of the certificate by counsel is to prevent abuse"). Underlying this requirement is the reasonable assumption that an attorney who is counsel of record in a case but who is also an officer of the court would be less likely to abuse the process because they risk facing significant sanctions within the legal profession if they do so. Id.; see also Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.1942) A *pro se* litigant would face no such potential professional discipline or other sanction so the requirement— and its intended effect to act as a safeguard against abuse—would be rendered nugatory if *pro se* litigants could invoke the mandatory review process of Section 144 without having to satisfy the certification requirement. The Court thus finds that the certificate requirement or some equivalent

filing by a member of the bar of the local jurisdiction is required under Section 144. Plaintiff has not met that requirement here.

Additionally, and more importantly, Plaintiff has not presented an affidavit that is legally sufficient as to its assertion of bias. Bias under § 144 must also be both personal, i.e. directed against the party, and extrajudicial. <u>Sibla</u>, 624 F.2d at 869. The judge against whom the affidavit has been filed has the ability to review the legal sufficiency of the affidavit before "proceeding no further" in the case and transferring it to another judge for review. <u>United States v. Montecalvo</u>, 545 F.2d 684, 685 (9th Cir. 1976). In this case, Plaintiff's affidavit does not aver bias that stems from an extrajudicial source. <u>Sibla</u>, 624 F.2d at 868 (9th Cir. 1980)(affirming challenged judge's denial of Section 144 motion because motion did not allege bias from an extrajudicial source). Plaintiff's affidavit focuses on this Court's rulings as an indication of bias or prejudice against the Plaintiff. Plaintiff has not referenced in her affidavit any evidence that any of these rulings stemmed from an extrajudicial source and resulted in "an opinion on the merits on some basis other than what the judge learned from his participation in the case." <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966). "Adverse rulings do not constitute the requisite bias or prejudice of § 144." <u>United States v. Azhocar</u>, 581 F.2d 735, 739 (9th Cir. 1978). Plaintiff has failed to set forth a legally sufficient affidavit, and her motion under 28 U.S.C. § 144 is denied without further review.

## V.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Recusal (ECF No. 403) is DENIED.

DATED this 16th day of January, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**