UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| Garity, | | Case No. 2:11-cv-01805-RFB-CWH |
| | Plaintiff, | ORDER |
| v. | | |
| Donahoe, | | |
| | Defendants. | |

## I.  INTRODUCTION

Before the Court are Plaintiff's Motion for Fees and Attorney Consultations (ECF No. 484), Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure Rule 59 (ECF No. 493), Plaintiff's Motion to Amend/Correct Order (ECF No. 494), Defendant's Motion for Leave to File Supplemental Brief (ECF No. 500), Plaintiff's Motion for Permission to Reply (ECF No. 503), and Plaintiff's Motion for Ruling (ECF No. 512).

## II.  PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this action against the Postmaster General of the United States Postal Service on November 9, 2011. ECF No. 1. After discovery and dispositive motions were filed, a bench trial was held on January 16, 17, 18, 19, 24 and February 8, 2018 on Plaintiff's race discrimination and disability discrimination claims. ECF Nos. 429, 432, 433, 434, 439, 452. The Court issued its findings of fact and conclusions of law on March 31, 2019. ECF No. 478. The Court entered judgment in favor of  Postmaster General Megan J. Brennan as to Plaintiff's Title VII race discrimination claim and in favor of Plaintiff as to the Rehabilitation Act disability discrimination claim. Id. at 18. The Court awarded Plaintiff equitable damages. Id.

Plaintiff filed the instant Motion for Fees and Attorney Consultations on April 15, 2019. ECF No. 484. Defendant Brennan responded on May 5, 2019. ECF No. 496. Plaintiff replied on May 10, 2019. ECF No. 499.

Plaintiff filed the instant Motion for Relief Under Federal Rule of Civil Procedure 59 on April 26, 2019. ECF No. 493. Defendant responded on May 10, 2019. ECF No. 497. Plaintiff replied on May 17, 2019. ECF No. 501.

Plaintiff filed the instant Motion to Amend/Correct on April 26, 2019. ECF No. 494. Defendant responded on May 10, 2019. ECF No. 497. Plaintiff replied on May 17, 2019. ECF No. 501.

Defendant filed the instant Motion for Leave to File a Supplemental Brief regarding its objection to Plaintiff's Bill of Costs (ECF No. 495) and response to Plaintiff's Motion for Attorney Fees (ECF No. 484) on May 14, 2019. ECF No. 500. Plaintiff responded on May 17, 2019. ECF No. 502.

Plaintiff filed the Motion for Permission to File Reply to Defendant's Exhibit in the instant Motion for Leave to File Supplemental Brief (ECF No. 500) on May 17, 2019. ECF No. 503.

Plaintiff filed the instant Motion for Ruling on the above motions on June 24, 2019. ECF No. 512.

### III.    FACTUAL BACKGROUND

This case is a race and disability discrimination action. Plaintiff Rosemary Garity worked at the Pahrump Post Office and alleged adverse employment action from her supervisors on the basis of (a) her Caucasian race and (b) her medically documented disabilities, which require minimal reasonable accommodation. The Court held a six-day bench trial in this case from January 16, 2018 through February 8, 2018. The Court ruled in favor of Defendant as to Plaintiff's race discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and in favor of Plaintiff as to Plaintiff's disability discrimination action pursuant to the Rehabilitation Act of 1973.

### IV.    LEGAL STANDARD

**A. Federal Rules of Civil Procedure 59 and 52**

Rule 59(a) allows a district court to "grant a [party's motion for a] new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Rule 59(a)(2) allows that after a bench trial, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978); see also Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 n.4 (9th Cir. 2007) (noting that Brown v. Wright, 588 F.2d 708 (9th Cir. 1978) established the standard for bench trial cases under Federal Rule of Civil Procedure 59(a)(2)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). But the relief provided for is extraordinary and "should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell, 197 F.3d at 1255). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

Federal Rule of Civil Procedure 52(b) states that "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

**B. Taxation of Costs**

Federal Rule of Civil Procedure 54(d)(1) governs costs and states, *inter alia*, that "Unless

1  a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's

2  fees—should be allowed to the prevailing party." Rule (54)(d)(1) clearly creates a presumption

3  that costs should be awarded to the prevailing party. Berkla v. Corel Corp., 302 F.3d 909, 921(9th

4  Cir. 2002). However, Rule 54(d)(1) further provides that "costs against the United States, its

5  officers, and its agencies may be imposed only to the extent allowed by law."

6  The Rehabilitation Act is codified at 29 U.S.C. § 794a(b), and states that, "In any action or

7  proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its

8  discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee

9  as part of the costs." "[T]he text of the Rehabilitation Act supports an inference that costs are to

10  be awarded in the ordinary course." Martin v. California Dep't of Veterans Affairs, 560 F.3d 1042,

11  1053 (9th Cir. 2009)

12  28 U.S.C. § 1920 governs taxation of costs and allows a judge or clerk to tax costs as to:

13

14  1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts
necessarily obtained for use in the case; (3) Fees and disbursements for printing and

15  witnesses; (4) Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case; (5) Docket fees under section

16  1923 of this title; [and] (6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special interpretation services under

17  section 1828 of this title.

18

19  "Federal courts may not award costs beyond those mentioned in 28 U.S.C. § 1920 unless another

20  federal statute authorizes them to do so." Bunker Holdings Ltd. v. Yang Ming Liberia Corp., 906

21  F.3d 843, 847 (9th Cir. 2018).

22

23  **C. DISCUSSION**

24  **A. Plaintiff's Motion for Fees and Attorney Consultations (ECF No. 484),
Defendant's Motion for Leave to File Supplemental Brief (ECF No. 500),**

25  **Plaintiff's Motion for Permission to Reply (ECF No. 503)**

26  Plaintiff's motion seeks to separately claim costs for expert fees and attorney consultations

27  concurrent with Plaintiff's Bill of Costs (ECF No. 483), in order to comply with Federal Rule of

28  Civil Procedure 54(d). ECF No. 484 at 1. For the reasons discussed *infra*, the Court will only

1 consider Plaintiff's motion as it pertains to attorney consultations.

2 Defendant's opposition to the instant motion includes its objections to Plaintiff's Bill of

3 Costs (ECF No. 483) as well as Plaintiff's pursuit of costs for expert fees and attorney consultations

4 identified in the instant motion. Compare ECF No. 495 with ECF No. 496. The Court considers

5 only Defendant's opposition to the attorney consultations consistent with Rule 54(d)(2)(A), which

6 mandates that a claim for attorneys' fees be made by motion. The Court will not consider either

7 the Bill of Costs (ECF No. 483) nor the opposition as it amounts to an objection to the costs

8 identified in the Bill of Costs (ECF No. 495), as the Clerk of Court has not yet taxed costs.

9 Defendant argues that neither 28 U.S.C. § 1920 nor the Local Rules permit costs for

10 consultations even with attorneys, and that because Plaintiff was *pro se*, she cannot claim

11 attorneys' fees. ECF No. 496 at 8-9. Furthermore, she cannot claim the costs of travel to these

12 consultations because those costs are similarly not allowed under the statute and the local rules.

13 Id. at 9.

14 In reply, Plaintiff states she is the prevailing party on the Rehabilitation Act claim and

15 therefore entitled to costs. ECF No. 499 at 1-4. Plaintiff further argues that the attorney

16 consultations are costs that should be permitted. Id. at 11. Plaintiff also argues that the fees should

17 be allowed under the Equal Access to Justice Act. Id. at 11-12.

18 "Pro se plaintiffs . . . are not entitled to attorney's fees." Blanchard v. Morton Sch. Dist.,

19 509 F.3d 934, 938 (9th Cir. 2007) (citing Kay v. Ehrler, 499 U.S. 432, 438 (1991)).

20 The Court denies Plaintiff's motion. As Plaintiff proceeded *pro se* and seeks costs for the

21 *consultations* she had with attorneys, the costs at issue are "costs other than attorney's fees" and

22 to be considered in the first instance by the Clerk of Court. See Fed. R. Civ. P § 54(d)(1). The

23 Court will review the Clerk's taxed costs upon motion. Id.

24 Furthermore, the Court grants Defendant's Motion for Leave to File Supplemental Brief

25 (ECF No. 500) as Plaintiff raised legal arguments in reply not addressed in the original motion.

26 The Court also grants Plaintiff's Motion for Permission to Reply (ECF No. 503), which seeks to

27 reply to the supplemental brief. The Clerk of Court may consider Defendant's supplemental brief

28 and Plaintiff's reply in conjunction with the guidance provided in this order to tax costs.

### B. Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure Rule 59 (ECF No. 493), Plaintiff's Motion to Amend/Correct Order (ECF No. 494)

Plaintiff seeks both a new partial trial and to alter or amend the judgment.

Plaintiff argues in the Motion for Relief Under Federal Rule of Civil Procedure Rule 59 that the Court erred by failing to recuse itself, displayed bias in favor of Defendant, and that there were procedural irregularities and rulings that prejudiced Plaintiff. See ECF No. 493 at 3-7, 19-22. Plaintiff further argues that hostile environment should have been an added claim and "remedied at trial . . . ." id. at 7, and that retaliation was proven, id. at 11. Plaintiff also asserts that the Court's ruling granting Defendant's Motion in Limine (ECF No. 338) which dismissed Plaintiff's compensatory damages and therefore her demand for a jury trial, was in essence an improper dispositive motion and resulted in an improper trial. Id. at 11-12, 17-18. Plaintiff also asserts that the damages awarded were inadequate because they fail to make Plaintiff whole as required by Title VII, as they do not compensate Plaintiff for back and front pay or loss of benefits. Id. at 14-17. Plaintiff further states the evidence supported a finding in her favor regarding the race discrimination claim. Id. at 22-23. Plaintiff asserts the cumulative effect of these errors warrants a new trial on the racial discrimination claim before a different judge.

In response to Plaintiff's arguments as set forth in the Motion for Relief Under Federal Rule of Civil Procedure Rule 59, Defendant categorizes Plaintiff's arguments into procedural issues, substantive legal issues, substantive factual issues, and evidentiary issues. ECF No. 497 at 3. Regarding procedural issues, Defendant argues those identified by Plaintiff had no substantive impact on the trial and Plaintiff was permitted to present relevant evidence. Id. at 4. Regarding evidentiary issues, Defendant argues Federal Rule of Civil Procedure 61 holds that errors in admitting or excluding evidence are not grounds for a new trial "unless justice requires otherwise;" in other words, if a party's substantive rights have been affected. Id. (citing Fed. R. Civ. P. 61; Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995)). Defendant argues the Court did not exclude relevant evidence and therefore Plaintiff's substantive rights were unaffected. Id. at 4-5. Regarding the substantive legal issues, Defendant asserts it was legally correct for the Court to subtract Plaintiff's grievance remedies from her backpay awards in order

to avoid double compensation, id. at 6, and because Plaintiff did not prove constructive discharge, she was not entitled to a front pay award, id. Defendant also argues the Rehabilitation Act does not provide for punitive damages, id. at 6-7, that the Court properly barred Plaintiff from receiving compensatory damages as a sanction, id. at 7, and an additional gross-up to account for the taxability of the backpay is unnecessary and the Court's award fully compensated Plaintiff for the value of her benefits, id. at 7. Defendant also argues that regarding the racial discrimination claim, even if the Court took into account the evidence identified by Plaintiff in the motion, it would not lead to a different result. Id. at 8.

Plaintiff also seeks in the Motion to Amend/Correct Order to correct the Court's Findings of Fact, ECF No. 494 at 1, and add facts that were included in Plaintiff's Proposed Findings of Fact (ECF No. 411), id. at 2-7. Plaintiff asserts the Court's Findings of Facts should be amended to include these facts and that their inclusion and consideration mandates a ruling in Plaintiff's favor. Id. at 7.

Defendant responds that even if the Court's Findings 26 and 27 were erroneous as Plaintiff contends, they do not materially affect the Court's rulings. ECF No. 497 at 8. Regarding the inclusion of facts identified in Plaintiff's Proposed Findings of Fact, Defendant asserts they were properly excluded because they were irrelevant or immaterial to Plaintiff's race and disability discrimination claims. Id. at 8-9.

The Court denies Plaintiff's Motion to Amend/Correct Order and denies in part Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure Rule 59. Many of the objections Plaintiff raises as to limits on trial testimony and evidence were already deemed duplicative of objections made on the record by the Court in its order addressing, *inter alia*, Plaintiff's Motion to Remedy Trial Deficiencies (ECF No. 470). See ECF No. 478 at 11. The Court once more incorporates its reasoning from the trial record denying Plaintiff's requests as well as from that order. Id. at 11-12. Regarding Plaintiff's request for a new partial trial on the racial discrimination claim, Plaintiff has failed to show any manifest error of law or fact and has not presented newly discovered evidence. Plaintiff's arguments essentially amount to a disagreement as to the Court's evaluation of the evidence; this disagreement does not constitute a viable justification for a new trial. Furthermore,

1   the Court declines to amend its order to include Plaintiff's proposed findings of fact pursuant to

2   Federal Rule of Civil Procedure 52(b), as the Court finds they would not have any substantive

3   effect on the Court's legal conclusions.

4        The Court does however find that Plaintiff has identified a specific ground to amend the

5   Court's judgment pursuant to Federal Rule of Civil Procedure 59(e), specifically to correct a

6   manifest error of fact upon which the Court's damages award rests. The Court's backpay award is

7   based on a calculation of Plaintiff's regular pay rate as $25. However, both parties in the briefing

8   on this motion identify the appropriate figure as $26.55, as evidenced by Plaintiff's Trial Exhibit

9   114. See ECF No. 497 at 7; ECF No. 501 at 7.

10       The Court therefore grants Plaintiff's Motion as it pertains to amending the damages award

11  to reflect the appropriate base pay rate. The Court amends the damages award to reflect that

12  Plaintiff would have earned income for an additional 1,461.78 hours of work at a pay rate of $26.55

13  per hour, for a total of $38,810.26. The Court subtracts the $12,222.87, $2,500.00, and $1,900.00

14  payments Plaintiff already recovered for unworked hours and therefore awards backpay in the

15  amount of $22,187.39, as well as pre-judgment interest. The Court declines to further amend the

16  damages award. "[B]ackpay awards consist primarily of wages, [though] such awards may also

17  include fringe benefits." 45 C Am. Jur. 2d Job Discrimination § 2558. However, "[t]he amount of

18  backpay awarded is committed to the sound discretion of the trial court." 45 C Am. Jur. 2d Job

19  Discrimination § 2555. In its discretion, the Court declines to further amend the damages award to

20  include a gross up or fringe benefits.

21

22  **D. CONCLUSION**

23       **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Fees and Attorney

24  Consultations (ECF No. 484) is **DENIED** for the reasons stated in this order.

25       **IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Supplemental

26  Brief (ECF No. 500) and  Plaintiff's Motion for Permission to Reply (ECF No. 503) are

27  **GRANTED**.

28

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief Under Federal Rule of

2    Civil Procedure Rule 59 (ECF No. 493) is **GRANTED** in part. The Court amends its previous

3    order and awards Plaintiff equitable damages on the Rehabilitation Act disability discrimination

4    claim in the amount of $22,187.39, as well as pre-judgment interest.

5        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Order (ECF No.

6    494) is **DENIED**.

7        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (ECF No. 512) is

8    **DENIED** as moot.

9        **IT IS FURTHER ORDERED** that the Clerk of Court tax costs in accordance with

10   guidance established in this order.

11

12       DATED March 31, 2020.

13

14                                                   **RICHARD F. BOULWARE, II**
                                                     **UNITED STATES DISTRICT JUDGE**
15

16

17

18

19

20

21

22

23

24

25

26

27

28