NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar No. 13644
ROGER W. WENTHE
Nevada Bar No. 8924
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: roger.wenthe@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Rosemary Garity, | Case No: 2:11-cv-01805-RFB-CWH |
| Plaintiff, | |
| v. | **Federal Defendant's Reply Brief in Support of Motion to Re-Tax Costs** |
| USPS PMG Megan J. Brennan, | |
| Defendant. | |

The Federal Defendant's Motion to Re-Tax Costs (ECF No. 524) requests the Court to re-tax two categories of costs in Plaintiff's bill of costs: certain deposition costs, and copying costs.

The Federal Defendant incorporates herein the discussion in its initial brief opposing Plaintiff's bill of costs (ECF No. 495), and its brief opposing Plaintiff's motion to re-tax costs (ECF No. 528).

I.   Argument

**A.   The Court Should Deny Taxability For the Cost of Depositions Not Used at Trial.**

The Federal Defendant's motion to re-tax asks the Court to deny taxability for the $2,273.75 cost of depositions which Plaintiff obtained but did not use at trial. As ECF No. 495, p. 5 shows, none of these depositions sought information or testimony relating to the sole claim which went to trial, Plaintiff's disability discrimination claim under the

1

Rehabilitation Act. Instead, these depositions all related to claims as to which summary judgment was granted against the Plaintiff prior to trial. The Court has discretion to deny taxation of these costs. *Washington State Dept. of Transp. v. Washington Natural Gas Co.,* 59 F.3d 793, 806 (9th Cir. 1995) ("Disallowance for expenses of depositions not used at trial is within the district court's discretion.")

Alternatively, the Court has discretion to deny these costs based on Plaintiff's minimal success in the litigation, relative to the number of claims she asserted in her complaint. Where plaintiff, although being a "prevailing party," is only minimal successful, as here, a court has especially broad discretion to deny some or all costs. *Yonemoto v. Shulkin,* 725 Fed. Appx. 482, 485 (9th Cir. Feb. 15, 2018) ("Even if Yonemoto's unsuccessful claims are related to his one successful claim, the limited nature of Yonemoto's success justified a reduction in costs and fees."); *Baker v. Lindgren,* 856 F.3d 498, 502 (7th Cir. 2017) ("The district court also correctly noted that, in a case with mixed results, it retains especially broad discretion to award or deny costs.")

For either or both of these reasons, the Court should deny taxability as to the $2,273.75 cost of depositions not used at trial.

**B.     The Court Should Deny Taxability for Copying Costs.**

Plaintiff sought $1,910.25 in copying costs, and the Clerk awarded $590.33, stating: "The clerk will tax half the costs of trial exhibits as plaintiff has not made clear that all copies were for the judge and opposing parties. LR 54-6(a)(2)."

Local Rule 54-6(a)(1) and (b)(1) and (b)(3) explicitly state that taxable costs include only the cost of "copies of an exhibit necessarily attached to a filed document;" and do not include the cost of "reproducing copies of motions, pleadings, notices, and other routine case papers;" nor the cost of "copies obtained for an attorney's own use."  Since Plaintiff failed to itemize the taxable portion of the requested copying fees, her request should be denied in its entirety. *Sloan v. Country Preferred Ins. Co.,* 2015 WL 995128 *3 (D. Nev. Mar. 5, 2015) (costs for items beyond exhibits denied).

In addition, even if Plaintiff had itemized these fees properly, her request would be

2

subject to discretionary reduction by the Court based on her limited success. *Yonemoto, supra; Baker, supra.*

For these reasons, the Court should deny taxability for all of the $590.33 in copying costs taxed by the Clerk.

## II.  CONCLUSION

The Court should re-tax costs as requested above, by (1) reducing the taxable deposition transcript costs by $2,273.75, and (2) reducing the taxable copying costs by $590.33.

Respectfully submitted this 20th day of April 2020.

> NICHOLAS A. TRUTANICH
> United States Attorney
>
> */s/ Roger Wenthe*
> ROGER W. WENTHE
> Assistant United States Attorney

## PROOF OF SERVICE

I, Roger W. Wenthe, certify that the foregoing document was served this date via the Court's Electronic Case Filing system.

Dated this 29th day of April 2020.

> */s/ Roger Wenthe*
> ROGER W. WENTHE
> Assistant United States Attorney