CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

BRIANNA SMITH
Nevada Bar No. 11795
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Brianna.Smith@usdoj.gov

*Attorneys for the United States*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY GARITY, | Case No: 2:11-cv-01805-RFB-CWH |
| Plaintiff, | |
| v. | **Federal Defendant's Response to Plaintiff's Motion to Re-Tax Costs (ECF No. 535)** |
| USPS PMG MEGAN J. BRENNAN, | |
| Defendant. | |

Plaintiff's Motion to Re-Tax Costs (ECF No. 535[1]), seeks to overturn the Clerk's decisions regarding the taxability of three categories of costs: hearing transcripts, copying, and attorney consultations. Plaintiff has failed to carry her burden of demonstrating that she should receive more than the amount taxed by the Clerk.

### I.   Argument

**A.   The Governing Law**

   *1.   Only Taxable Costs Are at Issue.*

Federal law recognizes only two types of litigant expenses: taxable costs, and non-taxable costs (also sometimes referred to as "nontaxable expenses" or "litigation expenses"). *See, e.g.,* Fed. R. Civ. P. 54(d)(1) (entitled "Costs Other Than Attorney's Fees") and 54(d)(2) (addressing "attorney's fees and related nontaxable expenses").

The first category, taxable costs, is strictly limited in scope by 28 U.S.C. § 1920.

---
[1] Previously filed at ECF No. 525.

1

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."); *Bunker Holdings, Ltd. v. Yang Ming Liberia Corp.,* 906 F.3d 843, 847 (9th Cir. 2018) ("Federal courts may not award costs beyond those mentioned in 28 U.S.C. § 1920 unless another federal statute authorizes them to do so.")

The second category, non-taxable costs, is not limited in the same way. However, non-taxable costs may only be recovered as part of an award of attorney's fees, by a party who is legally entitled to an award of attorney's fees. *Crawford Fitting,* 482 U.S. at 437; *Grove v. Wells Fargo Financial Cal., Inc.,* 606 F.3d 577, 580 (9th Cir. 2010) ("[W]e repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fee awards to prevailing parties.")

Procedurally, a request for taxable costs is made by filing a bill of costs, which Plaintiff has done here. Fed. R. Civ. P. 54(d)(1); LR 54-1(a) ("A prevailing party who claims costs must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of entry of the judgment or decree.") A request for non-taxable costs, by contrast, must be included in a separate motion for attorney's fees. Fed. R. Civ. P. 54(d)(2); LR 54-14(b)(2) ("[A] motion for attorney's fees must include the following . . . An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13").

To the extent that Plaintiff seeks non-taxable costs through her Motion to Re-Tax, then, her request is not properly before the Court. But on a more fundamental level, Plaintiff is simply barred from seeking non-taxable costs here under any procedural vehicle, because Plaintiff is *pro se*. A *pro se* plaintiff can *never* receive attorney's fees, whether a statute makes attorney's fees recoverable or not. *Kay v. Ehrler,* 499 U.S. 432, 1436 (1991) ("[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.") (emphasis in original); *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) (*pro se* plaintiff in Rehabilitation Act case is not entitled to attorney's fees). And since a *pro se* plaintiff can

never recover attorney's fees, she also can never recover non-taxable costs, which are part of attorney's fees. *In re Olick,* 2008 WL 3837759 *7 (Bcy. E.D. Pa. Aug. 12, 2008) ("Because Mr. Olick is *pro se*, and not entitled to counsel fees, he may not recover the types of expenses included in an award of counsel fees but not encompassed by 28 U.S.C. § 1920.")

Therefore, the Federal Defendant opposes Plaintiff's Motion to Re-Tax to the extent it seeks to recover non-taxable costs.

      2.      *Only the Rehabilitation Act is Involved.*

Plaintiff cites several other statutes in her motion, claiming that they provide her with a right to receive non-taxable costs. None of the statutes cited applies here, and none, in any event, permits a *pro se* plaintiff to recover non-taxable costs.

The Plaintiff succeeded only on her Rehabilitation Act claim.  The relevant provision of the Rehabilitation Act is 29 U.S.C. 794a(b), which states: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  As discussed above, this statute permits a *pro se* plaintiff to recover only taxable costs, not attorney's fees or non-taxable costs.

      a.      *The ADA Is Not Involved.*

Plaintiff cites to the attorney's fees provision in the ADA, 42 U.S.C. § 12205, which permits an award to a prevailing party of "a reasonable attorney's fee, including litigation expenses, and costs . . . ." The ADA is not involved here, because Plaintiff's claim against the Federal Defendant was necessarily brought under the Rehabilitation Act instead. As mentioned, the Rehabilitation Act has its own attorney's fees provision, 29 U.S.C. 794a(b). In any event, even the ADA's fee-shifting provision does not allow awarding "litigation expenses" as a separately recoverable item; it instead allows attorney's fees, "*including* litigation expenses," confirming that these non-taxable costs are recoverable only as part of a fee award. And finally, the ADA does not allow a *pro se* litigant to recover attorney's fees (or the included litigation expenses) under any circumstances.

    b.  *EAJA Is Not Involved.*

Plaintiff also cites the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). That section provides: "*Except as otherwise specifically provided by statute,* a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by the party in any civil action . . . ." (Emphasis added.)

Since attorney's fees in a Rehabilitation Act case are "specifically provided by statute," (§ 794a(b)), this section of EAJA, by its own terms, does not apply. *See, e.g., EEOC v. Great Steaks, Inc.,* 667 F.3d 510, 522 (4th Cir. 2012) ("Because Title VII contains its own fee-shifting provision allowing for prevailing defendants to obtain an award of attorneys' fees against the government, we hold that the EAJA's mandatory fee provision is unavailable to defendants, such as Great Steaks, who prevail against the EEOC in actions brought under it."); *EEOC v. Consolidated Service Systems, Inc.,* 30 F.3d 58, 59 (7th Cir. 1994) ("[T]he Equal Access to Justice Act does not apply to suits under Title VII.")

    c.  *Section 1988 Is Not Involved.*

Plaintiff cites 42 U.S.C. § 1988 as another source for her motion. By its own terms, however, this section applies only "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34 . . . ." Plaintiff did not prevail on a claim under any of those statutes, so the attorney's fees provision in § 1988(b) also does not apply here. *Armstrong v. Davis,* 318 F.3d 965, 974 (9th Cir. 2003) ("Furthermore, § 1988 provides a list of the statutes to which its attorney's fees provision applies, and neither the ADA nor the RA [Rehabilitation Act] is on the list.")

///
///
///

B.  **Plaintiff's Request to Re-Tax Costs Should Be Denied.**

　　1.　　*Hearing Transcript Costs Were Properly Denied.*

The Clerk denied the request for $3,407.45 in court reporter's fees for hearing transcripts in Plaintiff's bill of costs. Plaintiff's motion seeks to overturn that decision by focusing her argument on her contention that the hearing transcripts were "necessarily obtained." According to Plaintiff, she needed to obtain these transcripts to have the Court's oral rulings reduced to writing.

The Clerk denied this request, however, not because these transcripts were or were not "necessarily obtained." Rather, the Clerk denied the request because hearing transcripts are only taxable under LR 54-3 in two situations: either (1) they are requested by the court, or (2) they are prepared under a stipulation approved by the court.[2] Plaintiff does not claim that either of those situations was present here, and in fact neither one was present here. *Slaughter v. Uponor, Inc.,* 2010 WL 3781800 *4 (D. Nev. Sept. 20, 2010) ("As Interstate has not shown that the transcripts of the hearings were requested by the Court or prepared pursuant to stipulation approved by the Court, the costs of obtaining hearing transcripts should not be taxable" under D. Nev. LR 54-3).

None of the cases cited in Plaintiff's motion addressed the taxability of hearing transcripts. Instead, *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587 (9th Cir. 1990), addressed only the taxability of copying costs. The other three cases, *United States v. Western Radio Services Co., Inc.,* 671 Fed.Appx. 460 (9th Cir. Nov. 28, 2016) (unpublished); *Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175 (9th Cir. 1990); and *Lindberg v. Spencer,* 745 Fed.Appx. 783 (9th Cir. 1990) (unpublished); all addressed only the taxability of copying costs.

The Clerk thus properly denied taxability of the costs of hearing transcripts in this case.

///

---

[2] Although the Clerk's order referred to "LR 54-6," it is clear from the text of the order that the Clerk actually applied the correct rule, LR 54-3.

*2.  Copying Costs*

Plaintiff sought $1,910.25 in copying costs. That included every page of every document filed with the Court in this case, multiplied by 15 cents per page. The Clerk taxed only $590.33 of Plaintiff's copying costs, stating: "The clerk will tax half the costs of trial exhibits as plaintiff has not made clear that all copies were for the judge and opposing parties. LR 54-6(a)(2)."

The Federal Defendant has asked the Court to re-tax the $590.33 down to zero, because Plaintiff failed to properly support that figure with documentation as required by LR 54-1(b), and because Plaintiff's limited success does not justify any award of copying costs. (ECF Nos. 495, 524.) To the extent that Plaintiff asks that the award of copying costs be increased, the Federal Defendant opposes that request for the same reasons.

Plaintiff cites *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir.1998), for the proposition that the presumption in favor of awarding costs to the prevailing party may only be overcome by showing some impropriety by the prevailing party. However, that rule has been abrogated by the Court in later cases. *See Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 593 (9th Cir. 2000) ("We now overrule *National Information Services* [*v. TRW, Inc.,* 51 F.3d 1470 (9th Cir. 1995),] to the extent that it held that only misconduct may support the denial of costs to a prevailing party.")

Instead, it is now well established that otherwise taxable costs can be reduced based on a plaintiff's relative lack of success. *Yonemoto v. Shulkin,* 725 Fed. Appx. 482, 485 (9th Cir. Feb. 15, 2018) ("Even if Yonemoto's unsuccessful claims are related to his one successful claim, the limited nature of Yonemoto's success justified a reduction in costs and fees."); *Baker v. Lindgren,* 856 F.3d 498, 502 (7th Cir. 2017) ("The district court also correctly noted that, in a case with mixed results, it retains especially broad discretion to award or deny costs.")

The other cases cited by Plaintiff on this subject all applied the rules discussed in Section A of this brief. None of them awarded non-taxable copying costs in the absence of

an attorney's fees award, or where the plaintiff was *pro se.* For example, in *ITEX Corp. v. Global Links Corp.,* 2015 WL 2152659 (D. Nev. May 7, 2015), the court awarded non-taxable costs, but only because attorney's fees were being awarded.

      3.      *Attorney Consultations*

Plaintiff seeks to re-tax $14,639.01, which she now refers to as "attorney consultations." In her bill of costs, plaintiff referred to this amount as "other costs," and it consisted of three separate items: (1) "Fees of Expert" of $11,500.00; (2) "Mileage costs" of $2,248.29; and (3) "Attorney consultations and Ask an Attorney" of $890.72. (ECF No. 483-1, p. 30.)   The Clerk taxed one daily attendance fee of $40 for the expert witness, under LR 54-5(b) and LR 54-11(h), and nothing for the proposed mileage costs and attorney consultations. (ECF No. 522, p. 2.)

Plaintiff cites *Russian River* to support her request to re-tax these costs. However, these costs were not denied on the basis that they were taxable but should not be taxed. They were denied because they are not taxable at all. (ECF No. 522, p. 2.) As a result, the Clerk's decision was correct and there is no basis to re-tax these items.

## II.  CONCLUSION

The Court should deny Plaintiff's request to re-tax costs.

Respectfully submitted this 29th day of June 2021.

                                  CHRISTOPHER CHIOU
                                  Acting United States Attorney

                                */s/ Brianna Smith*
                                BRIANNA SMITH
                                Assistant United States Attorney