ROSEMARY GARITY
3231 Florenza St.
Pahrump, NV 89060
Telephone: 775-253-6127
E-mail geritz1@outlook.com
Pro se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSEMARY GARITY )  Plaintiff, ) ) v. ) ) USPS PMG Brennan ) Defendant ) | Case No. 2:11-cv-01805-RFB-CWH |

Motion for Contempt and to Compel Payment

The USPS is in non-compliance with this Court's Orders, ECF 478 and ECF 513.

Plaintiff requests that compliance be ordered with additional interest accruing from 03/31/2019.

*s/Rosemary Garity*
Rosemary Garity


MEMORANDUM OF POINTS AND AUTHORITIES


Plaintiff has emailed defendant and requested payment. The defendant's position is that they do not have to comply with the Court Order until the motion currently before the Court is determined. Plaintiff asked for case law supporting that position but no case law was put forth. The Order on the costs motion is not connected to the Order on the award of the money payment. There will be separate Orders for each issue not a combined order.

Compliance with the Court's Orders is mandatory and defendant is in contempt of the Court's Order. The inherent authority for civil contempt originates from the necessity for enforcing court orders and judgments. "For this reason, 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their present, and submission to their

lawful mandates.'" *Chambers v. NASCO, INC.*, 501 U.S. 32, 43 (1991)(quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 227 (1821).

> Before imposing civil contempt sanctions based upon the violation of a court order, a court only must conclude:
> (1) the underlying order violated was valid and lawful;
> (2) the underlying order was clear, definite, and unambiguous; and
> (3) the contemnor had the ability to comply with the underlying order.
> United States v. Koblitz, 803 F.2d 1523, 1527 (11th Cir. 1986). See also
> King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995).

The defendant actions meet the criteria as she does not dispute the validity or unambiguousness of the Order and had the ability to comply.

The contempt power is also available to deal with a party who does not comply with a judgment which has ordered the party to perform a specific act under Fed. R. Civ. P. 70.

Plaintiff requests that defendant be ordered to comply immediately with the Court Orders issued on 03/31/2019 and 04/04020. (ECF No. 478 and 513) Plaintiff requests accrued interest at the rate of 5% from the date of Order 03/31/2019 and issue contempt sanctions at Court's discretion for the non-compliance.

Submitted this 31st day of July, 2021,

*s/Rosemary Garity*
Rosemary Garity