UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEMARY GARITY,<br><br>             Plaintiff,<br><br>       v.<br><br>USPS PMG MEGAN J. BRENNAN,<br><br>             Defendant. | Case No. 2:11-cv-01805-RFB-CWH<br><br>**ORDER** |

### I.     INTRODUCTION

Before the Court are Defendant's Motion for Re-Taxation of Costs, ECF No. 534; Plaintiff's Motion for Re-Taxation of Costs, ECF No. 535; and Plaintiff's Motion to Enforce Compliance with Court Orders, ECF No. 542.

### II.    PROCEDURAL BACKGROUND

Plaintiff Rosemary Garity filed the Complaint in this action on November 9, 2011. ECF No. 1. After discovery and dispositive motions were filed, a bench trial was held on January 16, 17, 18, 19, 24 and February 8, 2018, on Plaintiff's race discrimination and disability discrimination claims. ECF Nos. 429, 432, 433, 434, 439, 452. The Court issued its findings of fact and conclusions of law on March 31, 2019. ECF No. 478. The Court entered judgment in favor of Postmaster General Megan J. Brennan as to Plaintiff's Title VII race discrimination claim and in favor of Plaintiff as to the Rehabilitation Act disability discrimination claim. Id. at 18. The Court awarded Plaintiff equitable damages. Id.

Plaintiff filed a Motion for Fees and Attorney Consultations on April 15, 2019. ECF No. 484. Defendant Brennan responded on May 5, 2019. ECF No. 496. Plaintiff replied on May 10, 2019. ECF No. 499. Plaintiff filed a Motion for Relief Under Federal Rule of Civil Procedure 59 on April 26, 2019. ECF No. 493. Defendant responded on May 10, 2019. ECF No. 497. Plaintiff replied on May 17, 2019. ECF No. 501. Plaintiff filed a Motion to Amend/Correct on April 26, 2019. ECF No. 494. Defendant responded on May 10, 2019. ECF No. 497. Plaintiff replied on May 17, 2019. ECF No. 501. Defendant filed a Motion for Leave to File a Supplemental Brief regarding its objection to Plaintiff's Bill of Costs (ECF No. 495) and response to Plaintiff's Motion for Attorney Fees (ECF No. 484) on May 14, 2019. ECF No. 500. Plaintiff responded on May 17, 2019. ECF No. 502. Plaintiff filed a Motion for Permission to File Reply to Defendant's Exhibit in the instant Motion for Leave to File Supplemental Brief (ECF No. 500) on May 17, 2019. ECF No. 503. Plaintiff filed a Motion for Ruling on the above motions on June 24, 2019. ECF No. 512.

On March 31, 2020, the Court entered an order denying Plaintiff's Motion for Fees and Attorney Consultations; granting Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure 59; and denying Plaintiff's Motion to Amend/Correct Order and Motion for Ruling. ECF No. 513. The Order amended the Court's previous order and awarded Plaintiff equitable damages on the Rehabilitation Act disability discrimination claim in the amount of $22,187.39, as well as pre-judgment interest. Id. Plaintiff filed a Notice of Appeal on April 2, 2020. ECF No. 514, 518.

On April 14, 2020, the Clerk of the Court entered costs taxed in the amount of $10,784.03 against Defendant Brennan, as well as a Clerk's Memorandum Regarding Taxation of Costs. ECF Nos. 522, 523. Plaintiff and Defendant subsequently filed Motions for Re-Taxation of Costs, ECF Nos. 524, 525, which were fully briefed by April 23, 2020. ECF Nos. 527-530. On March 30, 2021, the Court denied the Motions for Re-Taxation of Costs without prejudice, pending Plaintiff's appeal of this matter to the Ninth Circuit Court of Appeals. ECF No. 531. The Court instructed the parties to resubmit their motions within 30 days of the final resolution of the appeal. Id.

On April 27, 2021, the Ninth Circuit affirmed this Court's judgment. ECF No. 532. A petition for rehearing was denied by the Ninth Circuit on June 7, 2021. ECF No. 533. On June 7,

2021, Defendant refiled her Motion for Re-Taxation of Costs per the Court's order, ECF No. 534, which Plaintiff responded to on June 16, 2021, ECF No. 536. On June 16, 2021, Plaintiff refiled her Motion for Re-Taxation of Costs, ECF No. 535, which Defendant responded to on June 29, 2021, ECF No. 540, and Plaintiff replied to on July 5, 2021, ECF No. 541. On July 31, 2021, Plaintiff filed a Motion to Enforce Compliance with Court Orders. ECF No. 542. Defendant responded on August 13, 2021, ECF No. 543, and Plaintiff replied on August 17, 2021. ECF No. 544.

### III.   FACTUAL BACKGROUND

This case is a race and disability discrimination action. Plaintiff Rosemary Garity worked at the Pahrump Post Office and alleged adverse employment action from her supervisors on the basis of (1) her Caucasian race; and (2) her medically documented disabilities, which require minimal reasonable accommodation.

The Court held a six-day bench trial in this case from January 16, 2018 through February 8, 2018. The Court ruled in favor of Defendant as to Plaintiff's race discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and in favor of Plaintiff as to Plaintiff's disability discrimination action pursuant to the Rehabilitation Act of 1973.

### IV.   LEGAL STANDARD

28 U.S.C. § 1920 governs taxation of costs and allows a judge or clerk to tax costs as to:

> 1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Federal Rule of Civil Procedure 54(2)(1) governs costs and states, *inter alia*, that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule (54)(d)(1) clearly creates a presumption

that costs should be awarded to the prevailing party. Berkla v. Corel Corp., 302 F.3d 909, 921(9th Cir. 2002).

The District of Nevada's Local Rule 54-12 further provides that "[a] motion to re-tax must specify the particular portion of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." D. Nev. Civ. 54-12.

### V.   DISCUSSION

#### A.   Motions for Re-Taxation of Costs (ECF Nos. 534, 535)

Defendants ask the Court to retax the following costs: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (2) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Defendant argues that while deposition transcript fees can be taxed whether or not the transcript was used for trial, the Court should use its discretion to deny the costs of transcripts that were not used at trial, and which were related solely or primarily to the claims Plaintiff was ultimately unsuccessful on. Defendant identifies ten depositions that fall into these categories and asks the Court to reduce Plaintiff's request for deposition transcript costs by $2,273.35—from $9,574.45 to $7,300.70. Defendant also argues fees for exemplification and the costs of making copies should be reduced to $0. Plaintiff sought $1,910.25 in fees. The Clerk found the copy costs of ECF filings to be routine case papers and not taxable pursuant to Local Rule 54-6(b), but taxed half the costs of trial exhibits "as Plaintiff has not made clear that all copies were for the judge and opposing parties." ECF No. 522 at 2. Defendant argues the costs should be reduced according to the Court's discretion, given Plaintiff's failure to properly itemize her fees.

Plaintiff requests re-taxation of: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (2) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (3) attorney consultations. Plaintiff requests the full amount originally requested for fees for printed or electronically recorded transcripts, totaling $12,981.90. This request includes the cost of hearing

transcripts, totaling $3,407.45. The Clerk determined that the Court never ordered the production of hearing transcripts, and accordingly denied this cost. Plaintiff also requests the full amount of $1,910.25 for fees of exemplification and the cost of making copies. She argues "the trial exhibits were prepared in advance based on the Order on record requiring the copies and were brought to the trial as required." ECF No. 535 at 5. Finally, Plaintiff requests attorney consultation costs totaling $14,639.01.

First, the Court affirms the entry of $9,574.45 for the cost of fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Local Rule 54-4(a)(1) provides that taxable deposition costs include "[t]he cost of a deposition transcript, either the original or a copy, but not both, whether taken solely for discovery or for use at trial." Where a party has "limited . . . success" on its claims, the district court is within its discretion to reduce costs and fees. Yonemoto v. Shulkin, 725 Fed. Appx. 482, 485 (9th Cir. 2018). The Court declines to exercise its discretion in such a manner here, per Defendant's request. The Court finds that the claims in this case were highly interrelated, such that it would be inappropriate to distinguish between which deposition transcripts should or should not be taxed. The Court also denies Plaintiff's request for re-taxation of the costs of hearing transcripts in the amount of $3,407.45. Local Rule 54-3 provides that "[t]he cost of transcripts of pretrial, trial, and post-trial proceedings is not taxable unless the transcripts are (1) requested by the court or (2) prepared under a stipulation approved by the court. Mere acceptance of the transcripts by the court does not constitute a request." The record contains no court order directing the production of hearing transcripts, nor of any stipulation, approved by the court, for hearing transcripts. The Clerk properly denied taxation of Plaintiff's requested costs for hearing transcripts.

Second, the Court affirms the entry of exemplification and copies costs. Pursuant to Local Rule 54-6, the Court may tax "the costs of copies of an exhibit necessarily attached to a filed document" and "the costs of copies for trial exhibits for the judge and opposing parties," but not "the cost of reproducing copies of motions, pleadings, notices, and other routine case papers." The majority of Plaintiff's copy costs stem from routine filings of case papers, which the Clerk properly determined to be not taxable. The Clerk taxed half the costs of trial exhibits given that Plaintiff

failed to identify whether all copies were for the judge and opposing parties. The Court does not agree with Defendant that the cost of trial exhibit copies should be reduced to zero. Nor, however, does the Court find that Plaintiff is entitled to the full cost of the trial exhibits. In her motion for re-taxation of costs, Plaintiff does not provide further clarification as to whether all 7,871 pages of trial exhibits were for the Court and opposing parties. The Court accordingly declines to modify the Clerk's entry.

Finally, the Court affirms the Clerk's denial of Plaintiff's request for re-taxation of attorney consultation costs. Plaintiff sought fees for expert witnesses totaling $11,500.00, "mileage costs" totaling $2,248.29, and "attorney consultation" costs totaling $890.72. Local Rule 54-5(b) provides that fees "for expert witnesses are not taxable in a greater amount than statutorily allowable for ordinary witnesses," and Local Rule 54-11 provides that "expert witness fees" are ordinarily not allowed. Under 28 U.S.C. § 1920(6), compensation is taxable only for court-appointed experts. Ordinary witnesses may be paid an attendance fee of $40.00 per day for each day's attendance. Plaintiff's expert, Dr. Brown, only testified on one day, and was not a court-appointed expert. The Clerk therefore properly taxed one day at the allowable $40.00 witness fee. Under Local Rule 54-11(k), attorney travel expenses are also not taxable, and thus the Clerk properly declined to tax Plaintiff's "mileage costs." Finally, Plaintiff has cited no rule providing that taxation is proper for attorney consultation costs. The Court declines to modify the Clerk's entry on this item.

The Court therefore denies both Defendant's Motion for Re-Taxation of Costs and Plaintiff's Motion for Re-Taxation of Costs.

B. <u>Motion to Enforce Compliance (ECF No. 542)</u>

Plaintiff moves for contempt and to compel sanctions arising from her allegation that Defendant did not comply with the Court's Order at ECF No. 513. Plaintiff appears to argue that Defendant is in contempt of court for failing to pay the judgment in this case. Defendant responds that defense counsel has explained to Plaintiff that once the costs are awarded in this case, the judgment would be amended, and Defendant will issue payment on the full amended judgment. The Court agrees with Defendant that given the pending Motion for Re-Taxation of Costs,

Defendant's failure to pay Plaintiff the judgment entered in this case at an earlier point in time was not error. The Motion to Enforce Compliance is therefore denied.

### VI.　CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Re-Taxation of Costs (ECF No. 534) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Re-Taxation of Costs (ECF No. 535) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Enforce Compliance (ECF No. 542) is **DENIED.**

**DATE**: March 31, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**